Dirk B. Paloutzian          #173676
dpaloutzian@bakermanock.com
Peter G. Fashing            #195756
pfashing@bakermanock.com
BAKER MANOCK & JENSEN, PC
5260 North Palm Avenue, Fourth Floor
Fresno, California 93704
Telephone: 559.432.5400
Facsimile: 559.432.5620

Attorneys for Defendant LINDA WILBOURN

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA—FRESNO DIVISION

| | |
|---|---|
| In Re | CASE No. 17-13797 |
| TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER, | Chapter 9 |
| Debtor. | |
| Tax ID # 94-6002897 | |
| Address:  869 N. Cherry Street Tulare CA 93274 | |
| TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER, | ADV. PROC. 19-01052 |
| Plaintiff, | **ANSWER TO COMPLAINT ON BEHALF OF LINDA WILBOURN** |
| v. | |
| BRUCE R. GREENE; BAKER & HOSTETLER, LLP,  a limited liability partnership; PARMOND KUMAR, M.D.; LINDA WILBOURN; RICHARD TORREZ; and DOES 1 through 50, inclusive, | [No Hearing Required] |
| Defendants. | |

Defendant LINDA WILBOURN ("Defendant") answers the Complaint for

Damages ("Complaint") of Plaintiff TULARE LOCAL HEALTH CARE DISTRICT dba

2357457v3

TULARE REGIONAL MEDICAL CENTER, a Public Agency ("Plaintiff" or "District"), as follows:

## FACTUAL AND PROCEDURAL BACKGROUND ALLEGATIONS

1.    Defendant admits the allegations of paragraph 1 of the Complaint.

2.    Defendant admits the allegations of paragraph 2 of the Complaint.

3.    Defendant admits the allegations of paragraph 3 of the Complaint.

4.    Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 4 of the Complaint and, on that basis, denies the same.

5.    Defendant admits the allegations of paragraph 5 of the Complaint.

6.    Defendant admits the allegations of paragraph 6 of the Complaint.

7.    Defendant admits the allegations of paragraph 7 of the Complaint.

8.    Defendant admits the allegations of paragraph 8 of the Complaint.

9.    Defendant admits the allegations of paragraph 9 of the Complaint.

10.    Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 10 of the Complaint and, on that basis, denies the same.

## FIRST CAUSE OF ACTION

11.    Answering paragraph 11 of the Complaint, Defendant incorporates her response to paragraphs 1-10 of the Complaint as though fully set forth herein.

12.    Defendant lacks sufficient information and belief upon which to admit or deny whether Defendants Greene and Baker Hostetler (collectively "Greene") served as general counsel for Healthcare Conglomerate Associates, LLC ("HCCA") in May of 2014 and/or when that representation first commenced and, on that basis, denies the allegation.  Defendant admits, however, that during her tenure on the District board of directors ("Board"), Greene did so serve. Except as expressly admitted, Defendant denies the remaining allegations of paragraph 12 of the Complaint.

13.    Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 13 of the Complaint and, on that basis, denies the same.

14.     Answering paragraph 14 of the Complaint, Defendant lacks sufficient information and belief upon which to admit or deny the date that the Interim Joint Operating Agreement and Management Services Agreement with HCCA was entered into and, on that basis, denies it was entered into on the alleged date. Defendant admits the remaining allegations of paragraph 14 of the Complaint.

15.     Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 15 of the Complaint and, on that basis, denies the same.

16.     Defendant admits the allegations of paragraph 16 of the Complaint.

17.     Defendant admits the allegations of paragraph 17 of the Complaint.

18.     Answering paragraph 18 of the Complaint, Defendant admits that between the alleged dates, Greene acted as legal counsel for the District and HCCA. Defendant lacks sufficient information and belief upon which to admit or deny the remaining allegations of paragraph 18 of the Complaint and, on that basis, denies the same.

19.     Answering paragraph 19 of the Complaint, the allegations are conclusions for which no response is required. To the extent a response is required, Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 19 of the Complaint and, on that basis, denies the same.

20.     Answering paragraph 20 of the Complaint, the allegations are conclusions for which no response is required.

**The Betre Lawsuit:**

21.     Answering paragraph 21 of the Complaint, pursuant to Evidence Code section 1040, Government Code section 54956.8 and *Kleitman v. Superior Court* (1999) 74 Cal.App.4th 324, 329–330, and absent a clear and unequivocal waiver of the protections set forth therein by the District, Defendant refuses to admit or deny allegations related to a closed session of the District's Board.

22.     Answering paragraph 22 of the Complaint, pursuant to Evidence Code section 1040, Government Code section 54956.8 and *Kleitman v. Superior Court* (1999) 74 Cal.App.4th 324, 329–330, and absent a clear and unequivocal waiver of the protections set forth therein by the

District, Defendant refuses to admit or deny allegations related to a closed session of the District's Board. To the extent the allegations do not seek to invade the confidentiality protections, the allegations are conclusions for which no response is required. .

23.     Answering paragraph 23 of the Complaint, pursuant to Evidence Code section 1040, Government Code section 54956.8 and *Kleitman v. Superior Court* (1999) 74 Cal.App.4th 324, 329–330, and absent a clear and unequivocal waiver of the protections set forth therein by the District, Defendant refuses to admit or deny allegations related to a closed session of the District's Board.

24.     Answering paragraph 24 of the Complaint, pursuant to Evidence Code section 1040, Government Code section 54956.8 and *Kleitman v. Superior Court* (1999) 74 Cal.App.4th 324, 329–330, and absent a clear and unequivocal waiver of the protections set forth therein by the District, Defendant refuses to admit or deny allegations related to a closed session of the District's Board. To the extent the allegations do not seek to invade the confidentiality protections, the allegations are conclusions for which no response is required.

25.     Answering paragraph 25 of the Complaint, pursuant to Evidence Code section 1040, Government Code section 54956.8 and *Kleitman v. Superior Court* (1999) 74 Cal.App.4th 324, 329–330, and absent a clear and unequivocal waiver of the protections set forth therein by the District, Defendant refuses to admit or deny allegations related to a closed session of the District's Board.

26.     Answering paragraph 26, Defendant admits that the Betre Lawsuit was commenced.  Defendant lacks sufficient information and belief upon which to admit or deny the date it was filed and whether it was filed on behalf of Benzeevi and, on that basis, denies those allegations.  Except as expressly admitted, Defendant denies the remaining allegations of paragraph 26.

27.     Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 27 of the Complaint, and, on that basis, denies the same.

28.     Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 28 of the Complaint, and, on that basis, denies the same.

29.      Answering paragraph 29 of the Complaint, Defendant admits that the Betre Lawsuit was dismissed by order of the Court. Defendant lacks sufficient information and belief upon which to admit or deny the remaining allegations of paragraph 29 of the Complaint, and, on that basis, denies the same.

30.      Answering paragraph 30 of the Complaint, Defendant admits that the order dismissing the Betre Lawsuit was appealed. Defendant lacks sufficient information and belief upon which to admit or deny the date of the appeal or whether it was filed on Benzeevi's behalf. Except as expressly admitted, Defendant denies the remaining allegations of paragraph 30 of the Complaint.

31.      Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 31 of the Complaint, and, on that basis, denies the same.

32.      Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 32 of the Complaint, and, on that basis, denies the same.

33.      Defendant admits the allegations of paragraph 33 of the Complaint.

34.      Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 34 of the Complaint, and, on that basis, denies the same.

35.      Answering paragraph 35 of the Complaint, the allegations are conclusions for which no response is required. To the extent a response is required, Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 35 of the Complaint, and, on that basis, denies the same.

**Resolution 852:**

36.      Defendant admits the allegations of paragraph 36 of the Complaint.

37.      Answering paragraph 37 of the Complaint, Defendant has no recollection of whether a payment obligation to Greene was outstanding and does not know if any information in that regard was ever imparted to her. As a result, Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 37 of the Complaint and, on that basis, denies the same.

38.     Defendant admits the allegations of paragraph 38 of the Complaint.  Defendant assumes that Exhibit 1 is a true and correct copy of Resolution 852 and has no reason to doubt its authenticity but reserves the right to challenge the authenticity of the exhibit should further information to that effect present itself.

39.     Answering paragraph 39 of the Complaint, the allegations are a conclusion and/or a characterization of the contents of a document that is attached as Exhibit 1 to the Complaint and for which no response is required.  The document speaks for itself.  Defendant lacks sufficient information and belief upon which to admit or deny any remaining allegations of paragraph 39 of the Complaint, and, on that basis, denies the same.

40.     Answering paragraph 40 of the Complaint, the allegations are a conclusion and/or a characterization of the contents of a document that is attached as Exhibit 1 to the Complaint and for which no response is required.  The document speaks for itself.  Defendant lacks sufficient information and belief upon which to admit or deny any remaining allegations of paragraph 40 of the Complaint, and, on that basis, denies the same.

41.     Defendant admits the allegations of paragraph 41 of the Complaint.

42.     Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 42 of the Complaint, and, on that basis, denies the same.

43.     Answering paragraph 43 of the Complaint, the allegations are a conclusion for which no response is required.  To the extent a response is required, Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 43 of the Complaint, and, on that basis, denies the same.

**The Recall Election and its Aftermath**

44.     Defendant admits the allegations of paragraph 44 of the Complaint.

45.     Defendant admits the allegations of paragraph 45 of the Complaint.

46.     Defendant admits the allegations of paragraph 46 of the Complaint.

47.     Defendant admits the allegations of paragraph 47 of the Complaint.

48.     Defendant admits the allegations of paragraph 48 of the Complaint.

49.     Defendant admits the allegations of paragraph 49 of the Complaint.

50.     Defendant admits the allegations of paragraph 50 of the Complaint.

51.     Answering paragraph 51 of the Complaint, Defendant alleges, as follows:  The certified election results and oath of office were received from the registrar by the District Board office on July 26, 2017, the day of the regularly scheduled July 2017 Board meeting.  The letter accompanying the results and oath contained a statement requesting that the Board place the certified vote on the agenda for the next regularly scheduled meeting.  Because the agenda for the July 26, 2017 meeting had already been prepared and circulated, Defendant called Bruce Greene to inquire as to how she should proceed.  Mr. Greene indicated that because the certified vote was not on the July 26, 2017 agenda, it should be placed on the August 2017 meeting agenda for ratification by the Board, and that Ms. Gutierrez could not be seated until then.  Before the meeting was set to start, Defendant asked to speak to Ms. Gutierrez and informed her of the advice of Mr. Greene.  Defendant and Ms. Gutierrez returned to the meeting room and, before the meeting was called to order, Defendant, relying on the advice of Mr. Greene, made an announcement to the effect that the ratification of the election results would be placed on the August 2017 meeting agenda and that Ms. Gutierrez could be expected to be seated as a Board member at that meeting.  To Defendant's recollection, Directors Northcraft and Jamaica left the meeting room before the July 26, 2017 meeting came to order.  As a result, Mr. Greene declared that there was no quorum.  As a result, the July 26, 2017 Board meeting was cancelled. Except as expressly alleged and/or admitted, Defendant denies the remaining allegations of paragraph 51.

52.     Defendant lacks sufficient information upon which to admit or deny the allegations of paragraph 52 of the Complaint and, on that basis, denies the same.

53.     Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 53 of the Complaint and, on that basis, denies the same.  In addition, Defendant hereby incorporates her response to paragraph 51 of the Complaint as though fully set forth herein.

54.     Answer paragraph 54 of the Complaint, the allegations are a conclusion for which no response is required.  In addition, Defendant hereby incorporates her response to paragraph 51

of the Complaint as though fully set forth herein. To the extent a response is required, Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 54 and, on that basis, denies the same.

55.      Answering paragraph 55 of the Complaint, Defendant admits that Directors Northcraft and Jamaica, and Director-elect Gutierrez purported to hold a special meeting of the Board on July 27, 2017. Defendant is informed and believes, and thereon alleges, that said Directors and Director-elect purported to take action to terminate the services of Greene and to rescind Resolution 852. To the extent paragraph 55 of the Complaint contains an implied allegation that the purported special meeting complied with the law, and/or that any actions taken thereat were valid, such implied allegations are legal conclusions for which no response is required. Except as expressly admitted and alleged, Defendant denies the remaining allegations of paragraph 55 of the Complaint.

56.      Answering paragraph 56 of the Complaint, Defendant lacks sufficient information and belief upon which to admit or deny that the services of Greene had been lawfully terminated and, on that basis, denies the same. Defendant is informed and believes and thereon alleges that Greene did not recognize the results of the purported special meeting of the Board held on July 27, 2017 but lacks sufficient information or belief upon which to admit or deny that Greene refused to recognize the authority of Directors Northcraft and Jamaica and Director-elect Gutierrez in other ways. Defendant admits that Greene continued to represent to the general public that he was general counsel for the District. Except as expressly admitted and alleged, Defendant denies the remaining allegations of paragraph 56 of the Complaint.

57.      Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 57 of the Complaint and, on that basis, denies the same.

58.      Answering paragraph 58 of the Complaint, Defendant hereby incorporates her response to paragraph 56 of the Complaint as though fully set forth herein. Defendant lacks sufficient information and belief upon which to admit or deny that Greene attempted to intimidate Directors Northcraft and Jamaica and Director-elect Gutierrez or any of the alleged reasons why

1　Greene did so.  Except as expressly admitted and alleged, Defendant denies the remaining

2　allegations of paragraph 58 of the Complaint.

3　　　　　59.　　Answering paragraph 59 of the Complaint, the allegations are conclusions for

4　which no response is required.  To the extent a response is required, Defendant lacks sufficient

5　information and belief upon which to admit or deny the allegations of paragraph 59 of the

6　Complaint and, on that basis, denies the same.

7　　　　　60.　　Defendant admits the allegations of paragraph 60 of the Complaint.

8　　　　　61.　　Answering paragraph 61 of the Complaint, Defendant admits that Exhibit 4

9　includes a true and correct copy of Defendant's letter of resignation.  As to the remaining

10　allegations of paragraph 61, Defendant lacks sufficient information and belief upon which to admit

11　or deny said allegations and, on that basis, denies them.

12　　　　　62.　　Defendant lacks sufficient information and belief upon which to admit or deny the

13　allegations of paragraph 62 of the Complaint and, on that basis, denies the same.

14　　　　　63.　　Defendant lacks sufficient information and belief upon which to admit or deny the

15　allegations of paragraph 63 of the Complaint and, on that basis, denies the same.

16　　　　　64.　　Defendant lacks sufficient information and belief upon which to admit or deny the

17　allegations of paragraph 64 of the Complaint and, on that basis, denies the same.

18　　　　　65.　　Defendant lacks sufficient information and belief upon which to admit or deny the

19　allegations of paragraph 65 of the Complaint and, on that basis, denies the same.

20　　　　　66.　　Defendant lacks sufficient information and belief upon which to admit or deny the

21　allegations of paragraph 66 of the Complaint and, on that basis, denies the same.

22　　　　　67.　　Answering paragraph 67 of the Complaint, Defendant has no recollection of ever

23　advising Greene of a delay or postponement of her resignation and, on that basis, is informed and

24　believes and thereon alleges that she never advised Greene to that effect.  Defendant further

25　alleges, as follows:  Defendant knows of the allegation by Greene to that effect and the purported

26　evidence upon which it is based, however Defendant doubts the veracity and authenticity of the

27　evidence.  Upon learning of the allegation and the purported evidence upon which it is based,

28　Defendant went to the Office of the District Attorney of Tulare to report the allegation and her

doubts as to the veracity and authenticity of the evidence. At the request of members of the District Attorney's office, Defendant voluntarily relinquished possession of her phone to the District Attorney's office to aid them in a forensic investigation. The phone was returned to her, but Defendant is unaware of the results of that forensic investigation. Subsequently, a search warrant for the telephone was served on Defendant for the phone and she again relinquished possession of the phone to the District Attorney's Office pursuant to said process. Defendant does not know the results of this second investigative process. Except as expressly admitted and/or alleged, Defendant denies the remaining allegations of paragraph 67 of the Complaint.

68.      Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 68 of the Complaint and, on that basis, denies the same.

69.      Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 69 of the Complaint and, on that basis, denies the same.

70.      Answering paragraph 70 of the Complaint, the allegations are conclusions for which no response is required. To the extent a response is required, Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 70 of the Complaint and, on that basis, denies the same.

**Greene's Opinion of Counsel Letter**

71.      Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 71 of the Complaint and, on that basis, denies the same.

72.      Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 72 of the Complaint and, on that basis, denies the same.

73.      Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 73 of the Complaint and, on that basis, denies the same.

74.      Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 74 of the Complaint and, on that basis, denies the same.

75.      Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 75 of the Complaint and, on that basis, denies the same.

76.    Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 76 of the Complaint and, on that basis, denies the same.

77.    Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 77 of the Complaint and, on that basis, denies the same.

**Greene's Receipt of $509,727.23 in Delinquent Legal Fees**

78.    Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 78 of the Complaint and, on that basis, denies the same.

79.    Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 79 of the Complaint and, on that basis, denies the same.

80.    Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 80 of the Complaint and, on that basis, denies the same.

81.    Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 81 of the Complaint and, on that basis, denies the same.

82.    Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 82 of the Complaint and, on that basis, denies the same.

83.    Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 83 of the Complaint and, on that basis, denies the same.

84.    Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 84 of the Complaint and, on that basis, denies the same.

85.    Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 85 of the Complaint and, on that basis, denies the same.

86.    Answering paragraph 86 of the Complaint, the allegations are conclusions for which no response is required.  To the extent a response is required, Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 86 of the Complaint and, on that basis, denies the same.

## SECOND CAUSE OF ACTION

87.    Answering paragraph 87 of the Complaint, Defendant incorporates her response to paragraphs 1-86 of the Complaint as though fully set forth herein.

88.      Answering paragraph 88 of the Complaint, the allegations are legal conclusions for which no response is required.

89.      Defendant admits the allegations of paragraph 89 of the Complaint.

90.      Answering paragraph 90 of the Complaint, the allegations are a conclusion and/or a characterization of the contents of a document that is attached as Exhibit 1 to the Complaint and for which no response is required. The document speaks for itself. Defendant lacks sufficient information and belief upon which to admit or deny any remaining allegations of paragraph 90 of the Complaint, and, on that basis, denies the same.

91.      Answering paragraph 91 of the Complaint, the allegations are a conclusion and/or a characterization of the contents of a document that is attached as Exhibit 1 to the Complaint and for which no response is required. The document speaks for itself. Defendant lacks sufficient information and belief upon which to admit or deny any remaining allegations of paragraph 91 of the Complaint, and, on that basis, denies the same..

92.      Defendant denies the allegations of paragraph 92 of the Complaint.

93.      Defendant denies the allegations of paragraph 93 of the Complaint.

94.      Defendant denies the allegations of paragraph 94 of the Complaint.

95.      Defendant denies the allegations of paragraph 95 of the Complaint.

96.      Answering paragraph 96 of the Complaint, Defendant denies that there was a breach of fiduciary duties to the District and/or to the general public. Defendant lacks sufficient information and belief upon which to admit or deny the remaining allegations of paragraph 96 of the Complaint and, on that basis, denies the same.

97.      Answering paragraph 97 of the Complaint, Defendant denies that there was a breach of fiduciary duties to the District and/or to the general public. Defendant lacks sufficient information and belief upon which to admit or deny the remaining allegations of paragraph 97 of the Complaint and, on that basis, denies the same.

98.      Answering paragraph 98 of the Complaint, Defendant denies that there was a breach of fiduciary duties to the District and/or to the general public. Defendant lacks sufficient

information and belief upon which to admit or deny the remaining allegations of paragraph 98 of the Complaint and, on that basis, denies the same.

99.     Defendant denies the allegations of paragraph 99 of the Complaint.

## **THIRD CAUSE OF ACTION**

100.     Answering paragraph 100 of the Complaint, Defendant incorporates her response to paragraphs 1-99 of the Complaint as though fully set forth herein.

101.     Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 101 of the Complaint and, on that basis, denies the same.

102.     Answering paragraph 102 of the Complaint, Defendant incorporates her response to paragraph 67 of the Complaint as though fully set forth herein. Except as expressly admitted and/or alleged in response to paragraph 67 of the Complaint, Defendant denies the allegations of paragraph 102 of the Complaint.

103.     Answering paragraph 103 of the Complaint, Defendant incorporates her response to paragraph 67 of the Complaint as though fully set forth herein. Except as expressly admitted and/or alleged in response to paragraph 67 of the Complaint, Defendant denies the allegations of paragraph 103 of the Complaint.

104.     Answering paragraph 104 of the Complaint, Defendant incorporates her response to paragraph 67 of the Complaint as though fully set forth herein. In addition, Defendant admits that she did not intend to attend the August 2017 meeting. Defendant lacks sufficient information upon which to admit or deny the remaining allegations of paragraph 104 and, on that basis, denies the same.

105.     Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 105 of the Complaint and, on that basis, denies the same.

106.     Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 106 of the Complaint and, on that basis, denies the same.

107.     Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 107 of the Complaint and, on that basis, denies the same.

108.     Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 108 of the Complaint and, on that basis, denies the same.

109.     Answering paragraph 109 of the Complaint, the allegations are conclusions for which no response is required. To the extent a response is required, Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 109 of the Complaint and, on that basis, denies the same.

## FOURTH CAUSE OF ACTION

110.     Answering paragraph 110 of the Complaint, Defendant incorporates her response to paragraphs 1-109 of the Complaint as though fully set forth herein.

111.     Defendant admits the allegations of paragraph 111 of the Complaint.

112.     Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 112 of the Complaint and, on that basis, denies the same.

113.     Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 113 of the Complaint and, on that basis, denies the same.

114.     Answering paragraph 114 of the Complaint, the allegations are conclusions for which no response is required. To the extent a response is required, Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 114 of the Complaint and, on that basis, denies the same.

115.     Answering paragraph 115 of the Complaint, the allegations are conclusions for which no response is required. To the extent a response is required, Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 114 of the Complaint and, on that basis, denies the same.

116.     Answering paragraph 116 of the Complaint, the allegations are conclusions for which no response is required. To the extent a response is required, Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 114 of the Complaint and, on that basis, denies the same.

117.     Answering paragraph 117 of the Complaint, the allegations are conclusions for which no response is required. To the extent a response is required, Defendant lacks sufficient

information and belief upon which to admit or deny the allegations of paragraph 114 of the Complaint and, on that basis, denies the same.

### FIFTH CAUSE OF ACTION

118.    Answering paragraph 118 of the Complaint, Defendant incorporates her response to paragraphs 1-117 of the Complaint as though fully set forth herein.

119.    Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 119 of the Complaint and, on that basis, denies the same.

120.    Answering paragraph 120 of the Complaint, the allegations are conclusions for which no response is required.  To the extent a response is required, Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 120 of the Complaint and, on that basis, denies the same.

121.    Answering paragraph 121 of the Complaint, the allegations are conclusions for which no response is required.  To the extent a response is required, Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 121 of the Complaint and, on that basis, denies the same.

122.    Answering paragraph 122 of the Complaint, the allegations are conclusions for which no response is required.  To the extent a response is required, Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 122 of the Complaint and, on that basis, denies the same.

123.    Answering paragraph 123 of the Complaint, the allegations are conclusions for which no response is required.  To the extent a response is required, Defendant lacks sufficient information and belief upon which to admit or deny the allegations of paragraph 123 of the Complaint and, on that basis, denies the same.

### AFFIRMATIVE DEFENSES

124.    As separate and distinct affirmative defenses to the causes of action asserted in the Complaint, Defendant alleges as follows:

/ / /

/ / /

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Cause of Action)

125.    Defendant alleges that Plaintiff has failed to state facts sufficient to constitute any cause of action upon which relief may be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

#### (Statutes of Limitation)

126.    Defendants allege that Plaintiff's Complaint, and each and every cause of action contained therein, is barred by all applicable statutes of limitation, including, but not limited to, California Code of Civil Procedure sections 337, 337a, 338, 339, 340, 343, and 344.

### THIRD AFFIRMATIVE DEFENSE

#### (Waiver)

127.    Defendant alleges that Plaintiff has waived any and all claims raised in the Complaint as a result of its conduct. Plaintiff's claims are thereby barred.

### FOURTH AFFIRMATIVE DEFENSE

#### (Estoppel)

128.    Plaintiff is estopped from any recovery under the Complaint as a result of Plaintiff's actions and representations.

### FIFTH AFFIRMATIVE DEFENSE

#### (Laches)

129.    Plaintiff has unreasonably delayed in the commencement of this action, which delay has been prejudicial to Defendant, barring Plaintiff from any and all recovery from Defendant.

### SIXTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

130.    By virtue of its conduct, both during and after the transactions described in the Complaint, Plaintiff has unclean hands and is guilty of improper conduct connected with the controversy at hand, barring Plaintiff from any and all recovery.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

131.    Plaintiff, through the exercise of reasonable effort, could have mitigated any claimed damages, but failed to do so.  Such failure bars recovery on the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Responsibility of Others)

132.    Persons and/or other entities other than Defendant is responsible, in whole or in part, for damages alleged in the Complaint.  If any damages are awarded, they must be apportioned among such other persons and/or entities pursuant to their percentage of liability and Plaintiff's right of recovery against Defendant, if any, must be reduced in that amount.

## NINTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

133.    Any damage incurred by Plaintiff is due solely and totally to the carelessness, negligence and fault of Plaintiff and its agent HCCA, which proximately caused the incident, injury, loss or damage alleged in the Complaint.  Such comparative fault either bars or proportionately reduces any recovery by Plaintiff against Defendant.

## TENTH AFFIRMATIVE DEFENSE

### (Offset and Indemnification)

134.    If Plaintiff is found to be entitled to any damages, which Defendant denies, any award against Defendant must be offset against money and costs owed by Plaintiff to Defendant. Without limitation, Defendant is entitled to a defense and indemnity to be provided by Plaintiff with respect to the matters alleged in the Complaint and the costs of such defense and indemnity are to be offset against any award.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Offset and Indemnification)

135.    If Plaintiff establishes that Defendant is in any manner legally responsible for any of its alleged damages, such alleged damages were proximately caused by other persons or entities

not yet parties in this action and over whom Defendant has no control. Defendant, therefore, is entitled to indemnity or contribution from these other parties.

## TWELFTH AFFIRMATIVE DEFENSE

### (Legal Justification)

136.    At all times herein mentioned, Defendant was legally justified in and about her actions as alleged in the Complaint, thus barring Plaintiff from any and all recovery.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Consent and Ratification)

137.    Plaintiff, by reason of its knowledge, statements, and conduct, and by reason of the knowledge, statement, and conduct of its agents, has consented to and ratified the acts of Defendant. Thus, Plaintiff is barred from recovery under the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

138.    Plaintiff voluntarily, and with full knowledge of the matters set forth in its Complaint, have assumed any and all risk of the injuries, losses, and damages alleged, if any there were.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (In Pari Delicto)

139.    Plaintiff's action is barred by the doctrine of in pari delicto, as Plaintiff was in pari delicto with others regarding those matters alleged in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Non-joinder)

140.    Plaintiff has failed to join essential parties to this action including, but not limited to, Healthcare Conglomerate Associates, LLC ("HCCA").

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Consent)

141.    Any and all acts or omissions of Defendant were expressly or impliedly consented to by Plaintiff.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Superior Equities)**

142. The equities of Plaintiff are inferior to those of Defendant, thereby barring any right of Plaintiff to recover.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Advice of Counsel)**

143. In performing duties as a Board member with regard to the matters alleged, Defendant relied on the advice of District Counsel which is a defense to any right of Plaintiff to recover.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Lack of Jurisdiction)**

144. The federal bankruptcy court lacks jurisdiction to provide the relief sought by Plaintiff in this litigation based upon, without limitation, the holding in *Stern v. Marshall* (2011) 564 U.S. 462, 131 S.Ct. 2594, 180 L.Ed.2d 475.

**RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES**

145. Defendant reserves the right to assert additional affirmative defenses as facts come to light through investigation and discovery.

**PRAYER FOR RELIEF**

**WHEREFORE**, Defendant prays as follows:

1. That Plaintiff take nothing by reason of its Complaint.
2. That the Court dismiss the Complaint with prejudice.
3. That the Court award Defendant her defense costs, including, but not limited to, reasonable attorney's fees and expert witness as allowable under the law.

/ / /

/ / /

/ / /

/ / /

/ / /

1      4.     That the Court award Defendant such other and further relief as it deems

2 just and proper.

3            DATED: June 4, 2019       BAKER MANOCK & JENSEN, PC

4

5                             By:       /s/ Peter G. Fashing

6                             Dirk B. Paloutzian

7                             Peter G. Fashing
                              Attorneys for Defendant LINDA WILBOURN

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Fresno, State of California. My business address is 5260 North Palm Avenue, Fourth Floor, Fresno, CA 93704.

On June 4, 2019, I served true copies of the following document(s) described as **ANSWER TO COMPLAINT ON BEHALF OF LINDA WILBOURN** on the interested parties in this action as follows:

| | |
|---|---|
| Michael J. Lampe | James A. Murphy |
| Law Offices of Michael J. Lampe | Harlan B. Watkins |
| 108 West Center Avenue | John P. Girarde |
| Visalia, California 93291 | MURPHY PEARSON BRADLEY & FEENEY |
| mjl@lampe-law.com | 88 Kearney Street, 10th Floor |
| Attorneys for Plaintiff TULARE LOCAL | San Francisco CA 94108-5530 |
| HEALTH CARE DISTRICT, dba TULARE | JMurphy@mpbf.com |
| REGIONAL MEDICAL CENTER, A PUBLIX | Hwatkins@mpbf.com |
| AGENCY | jgirarde@mpbf.com |
| | Attorneys for Defendants BAKER & HOSTETLER LLP, and BRUCE GREENE, ESQ. |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Baker Manock & Jensen, PC for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Fresno, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 4, 2019, at Fresno, California.

                              /s/ Janice L. Lewis
                              Janice L. Lewis

2357457v3