James A. Murphy - 062223
JMurphy@mpbf.com
Harlan B. Watkins – 176458
hwatkins@mpbf.com
John P. Girarde – 191518
jgirarde@mpbf.com
MURPHY, PEARSON, BRADLEY & FEENEY
88 Kearny Street, 10th Floor
San Francisco, CA 94108-5530
Tel:   (415) 788-1900
Fax:   (415) 393-8087

Attorneys for Defendants
**BAKER & HOSTETLER LLP, and**
**BRUCE GREENE, ESQ.**

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| In re<br><br>TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,<br><br>　　　　Debtor.<br><br>Tax ID #:   94-6002897<br><br>Address:   869 N. Cherry Street<br>　　　　　Tulare, CA 93274 | **CASE NO. 17-13797**<br><br>Chapter 9 |
| TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BRUCE R. GREENE; BAKER & HOSTETLER, LLP, a limited liability partnership; PARMOND KUMAR, M.D.; LINDA WILBOURN; RICARD TORREZ; and Does 1 through 50, inclusive,<br><br>　　　　Defendants. | ADV. PROC.<br><br>**DEFENDANTS', BAKER & HOSTETLER LLP AND BRUCE R. GREENE, FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**<br><br>[No Hearing Required] |

DEFENDANTS', BAKER & HOSTETLER LLP AND BRUCE R. GREENE, FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

4841-3877-5960.2

**TO PLAINTIFF AND THEIR COUNSEL OF RECORD:**

BAKER & HOSTETLER LLP ("B&H") and BRUCE R. GREENE ("Greene") (collectively, "Defendants") hereby submit their written first amended answer and affirmative defenses to the Complaint filed against them by Plaintiff, Tulare Local Health Care District (the "Complaint" and "Debtor," respectively) [Docket Entry ("D.E.") 1].

## ANSWER TO COMPLAINT

## GENERAL ALLEGATIONS

1. Defendants admit the allegations of paragraph 1 of the Complaint.

2. Defendants admit the allegations of paragraph 2 of the Complaint.

3. Defendants admit the allegations of paragraph 3 of the Complaint.

4. Defendants admit only that they have entered into a written tolling agreement with the Debtor, and the document speaks for itself. Otherwise, Defendants deny the allegations of paragraph 4 of the Complaint.

5. Defendants admit only that the Debtor's Bylaws called for a five-person board of directors. Otherwise, Defendants are without knowledge as to the allegations of paragraph 5 of the Complaint, and therefore deny the same.

6. Defendants admit that Parmond Kumar served on the Debtor's board of directors. Otherwise, Defendants are without knowledge as to the allegations of paragraph 6 of the Complaint, and therefore deny the same.

7. Defendants admit that Linda Wilbourn served on the Debtor's board of directors. Otherwise, Defendants are without knowledge as to the allegations of paragraph 7 of the Complaint, and therefore deny the same.

8. Defendants admit that Richard Torrez served on the Debtor's board of directors. Otherwise, Defendants are without knowledge as to the allegations of paragraph 8 of the Complaint, and therefore deny the same.

9. Defendants are without knowledge as to the allegations of paragraph 9 of the Complaint, and therefore deny the same.

10. Defendants are without knowledge as to the allegations of paragraph 10 of the Complaint, and therefore deny the same.

## FIRST CAUSE OF ACTION

### Breach of Fiduciary Duty

11. Defendants incorporate by reference their responses to paragraphs 1-10 of the Complaint, as set forth above.

12. Defendants admit only that Defendants acted as counsel to Healthcare Conglomerate Associates, LLC ("HCCA") on certain matters. Otherwise, Defendants deny the allegations of paragraph 12 of the Complaint.

13. Defendants admit only that Defendants acted as counsel to Dr. Benny Benzeevi ("Dr. Benzeevi") on certain matters, and that Dr. Benzeevi was the sole member of HCCA. Otherwise, Defendants deny the allegations of paragraph 13 of the Complaint.

14. Defendants admit only that the MSA (as defined in the Complaint) speaks for itself. Otherwise, Defendants deny the allegations of paragraph 14 of the Complaint.

15. Defendants admit only that Greene was involved in drafting and negotiating the MSA on behalf HCCA. Otherwise, Defendants deny the allegations of paragraph 15 of the Complaint.

16. Defendants admit only that Resolution 844 (as referenced in the Complaint) speaks for itself. Otherwise, Defendants deny the allegations of paragraph 16 of the Complaint.

17. Defendants admit only that on or around May 6, 2015, the Debtor retained B&H as counsel. Otherwise, Defendants deny the allegations of paragraph 17 of the Complaint.

18. Defendants admit only that during this period, Defendants provided legal services to HCCA, Dr. Benzeevi, and HCCA. Otherwise, Defendants deny the allegations of paragraph 18 of the Complaint.

19. Defendants deny the allegations of paragraph 19 of the Complaint.

20. Defendants admit only that, when they acted as counsel for the Debtor, Defendants had a fiduciary duty to the Debtor. Otherwise, Defendants deny the allegations of paragraph 20 of the Complaint.

21. Defendants deny the allegations of paragraph 21 of the Complaint.

22. Defendants deny the allegations of paragraph 22 of the Complaint.

23. Defendants deny the allegations of paragraph 23 of the Complaint.

24. Defendants deny the allegations of paragraph 24 of the Complaint.

25. Defendants admit only that the Debtor's board authorized the filing of the Betre Lawsuit (as defined below). Otherwise, Defendants are without knowledge as to the allegations of paragraph 25 of the Complaint, and therefore deny the same.

26. Defendants admit only that on May 4, 2016, B&H, as counsel for Dr. Benzeevi, filed a lawsuit on in the Tulare County Superior Court as case no. 265230 (the "Betre Lawsuit"). Otherwise, Defendants deny the allegations of paragraph 26 of the Complaint.

27. Defendants admit only that the documents filed in the Betre Lawsuit speak for themselves. Otherwise, Defendants deny the allegations of paragraph 27 of the Complaint.

28. Defendants admit only that the documents filed in the Betre Lawsuit speak for themselves. Otherwise, Defendants deny the allegations of paragraph 28 of the Complaint.

29. Defendants admit only that the documents filed in the Betre Lawsuit speak for themselves. Otherwise, Defendants deny the allegations of paragraph 29 of the Complaint.

30. Defendants admit only that the documents filed in the Betre Lawsuit and all appeals related thereto speak for themselves. Otherwise, Defendants deny the allegations of paragraph 30 of the Complaint.

31. Defendants admit only that the documents filed in the Betre Lawsuit and all appeals related thereto speak for themselves. Otherwise, Defendants deny the allegations of paragraph 31 of the Complaint.

32. Defendants are without knowledge as to the allegations of paragraph 32 of the Complaint, and therefore deny the same.

33. Defendants are without knowledge as to the allegations of paragraph 33 of the Complaint, and therefore deny the same.

34. Defendants deny the allegations of paragraph 34 of the Complaint.

35. Defendants deny the allegations of paragraph 35 of the Complaint.

36. Defendants are without knowledge as to the allegations of paragraph 36 of the Complaint, and therefore deny the same.

37. Defendants are without knowledge as to the allegations of paragraph 37 of the Complaint, and therefore deny the same.

38. Defendants admit only that Resolution 852, a copy of which is purportedly attached to the Complaint as Exhibit 1, speaks for itself. Otherwise, Defendants are without knowledge as to the allegations of paragraph 38, and therefore deny the same.

39. Defendants admit only that Resolution 852, a copy of which is purportedly attached to the Complaint as Exhibit 1, speaks for itself. Otherwise, Defendants are without knowledge as to the allegations of paragraph 39, and therefore deny the same.

40. Defendants admit only that Resolution 852, a copy of which is purportedly attached to the Complaint as Exhibit 1, speaks for itself. Otherwise, Defendants are without knowledge as to the allegations of paragraph 40, and therefore deny the same.

41. Defendants admit only that Greene was involved in drafting Resolution 852. Otherwise, Defendants deny the allegations of paragraph 41 of the Complaint.

42. Defendants deny the allegations of paragraph 42 of the Complaint.

43. Defendants deny the allegations of paragraph 43 of the Complaint.

44. Defendants admit that there was a recall election on or about July 11, 2017. Otherwise, Defendants are without knowledge as to the allegations of paragraph 44 of the Complaint, and therefore deny the same.

45. Defendants are without knowledge as to the allegations of paragraph 45 of the Complaint, and therefore deny the same.

46. Defendants are without knowledge as to the allegations of paragraph 46 of the Complaint, and therefore deny the same.

47. Defendants are without knowledge as to the allegations of paragraph 47 of the Complaint, and therefore deny the same.

48. Defendants admit the allegations of paragraph 48 of the Complaint.

49. Defendants admit only that the board meeting agenda, a copy of which is purportedly attached to the Complaint as Exhibit 2, speaks for itself. Otherwise, Defendants are without knowledge as to the allegations of paragraph 49, and therefore deny the same.

50. Defendants admit only that Senovia Gutierrez ("Guitierrez") was not seated as a board member of the Debtor at the July 26, 2017 board meeting. Otherwise, Defendants are without knowledge as to the allegations of paragraph 50 of the Complaint, and therefore deny the same.

51. Defendants deny the allegations of paragraph 51 of the Complaint.

52. Defendants admit only that around this time Greene knew that Dr. Benzeevi was seeking financing for the Debtor in accordance with Resolution 852. Otherwise, Defendants deny the allegations of paragraph 52 of the Complaint.

53. Defendants deny the allegations of paragraph 53 of the Complaint.

54. Defendants deny the allegations of paragraph 54 of the Complaint.

55. Defendants deny the allegations of paragraph 55 of the Complaint.

56. Defendants deny the allegations of paragraph 56 of the Complaint.

57. Defendants admit only that the July 28, 2017 email, a copy of which is purportedly attached to the Complaint as Exhibit 3, speaks for itself. Otherwise, Defendants are without knowledge as to the allegations of paragraph 57, and therefore deny the same.

58. Defendants deny the allegations of paragraph 58 of the Complaint.

59. Defendants deny the allegations of paragraph 59 of the Complaint.

60. Defendants admit the allegations of paragraph 60 of the Complaint.

4841-3877-5960.2

61. Defendants admit only that the August 23, 2017 email, a copy of which is purportedly attached to the Complaint as Exhibit 4, speaks for itself. Otherwise, Defendants are without knowledge as to the allegations of paragraph 61, and therefore deny the same.

62. Defendants admit only that the August 23, 2017 email, a copy of which is purportedly attached to the Complaint as Exhibit 4, speaks for itself. Otherwise, Defendants are without knowledge as to the allegations of paragraph 62, and therefore deny the same.

63. Defendants admit only that if the Debtor's board of directors consisted of three members, then two members would have constituted a quorum. Otherwise, Defendants deny the allegations of paragraph 63 of the Complaint.

64. Defendants are without knowledge as to the allegations of paragraph 64 of the Complaint, and therefore deny the same.

65. Defendants admit only that the August 23, 2017 email, a copy of which is purportedly attached to the Complaint as Exhibit 5, speaks for itself. Otherwise, Defendants are without knowledge as to the allegations of paragraph 65, and therefore deny the same.

66. Defendants admit only that the August 23, 2017 email, a copy of which is purportedly attached to the Complaint as Exhibit 5, speaks for itself. Otherwise, Defendants are without knowledge as to the allegations of paragraph 66, and therefore deny the same.

67. Defendants deny the allegations of paragraph 67 of the Complaint.

68. Defendants deny the allegations of paragraph 68 of the Complaint.

69. Defendants deny the allegations of paragraph 69 of the Complaint.

70. Defendants deny the allegations of paragraph 70 of the Complaint.

71. Defendants admit only that the August 28, 2017 letter, a copy of which is purportedly attached to the Complaint as Exhibit 6, speaks for itself. Otherwise, Defendants are without knowledge as to the allegations of paragraph 71, and therefore deny the same.

72. Defendants admit only that the August 28, 2017 letter, a copy of which is purportedly attached to the Complaint as Exhibit 6, speaks for itself. Otherwise, Defendants are without knowledge as to the allegations of paragraph 72, and therefore deny the same.

4841-3877-5960.2　　DEFENDANTS', BAKER & HOSTETLER LLP AND BRUCE R. GREENE, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

73. Defendants admit only that the August 28, 2017 letter, a copy of which is purportedly attached to the Complaint as Exhibit 6, speaks for itself. Otherwise, Defendants are without knowledge as to the allegations of paragraph 73, and therefore deny the same.

74. Defendants admit only that the August 28, 2017 letter, a copy of which is purportedly attached to the Complaint as Exhibit 6, speaks for itself. Otherwise, Defendants are without knowledge as to the allegations of paragraph 74, and therefore deny the same.

75. Defendants are without knowledge as to the allegations of paragraph 75 of the Complaint, and therefore deny the same.

76. Defendants admit the allegations of paragraph 76 of the Complaint.

77. Defendants are without knowledge as to the allegations of paragraph 77 of the Complaint, and therefore deny the same.

78. Defendants admit only that B&H was paid the amount of $499,727.93 on or about September 10, 2017. Otherwise, Defendants are without knowledge of the allegations of paragraph 78 of the Complaint, and therefore deny the same.

79. Defendants admit only that B&H was paid the amount of $10,000.00 on or about September 14, 2017. Otherwise, Defendants are without knowledge of the allegations of paragraph 79 of the Complaint, and therefore deny the same.

80. Defendants deny the allegations of paragraph 80 of the Complaint.

81. Defendants deny the allegations of paragraph 81 of the Complaint.

82. Defendants admit only that the Deed of Trust, a copy of which is purportedly attached to the Complaint as Exhibit 9, speaks for itself. Otherwise, Defendants are without knowledge as to the allegations of paragraph 82, and therefore deny the same.

83. Defendants deny the allegations of paragraph 83 of the Complaint.

84. Defendants admit the allegations of paragraph 84 of the Complaint.

85. Defendants deny the allegations of paragraph 85 of the Complaint.

86. Defendants deny the allegations of paragraph 86 of the Complaint.

## SECOND CAUSE OF ACTION

**Breach of Fiduciary Duty**

87. Defendants incorporate by reference their responses to paragraphs 1-86 of the Complaint, as set forth above.

88-99. No responses are required to paragraphs 88-99 of the Complaint because they are not directed to Defendants. To the extent a response is required, the allegations are denied.

### THIRD CAUSE OF ACTION

**Damages for Fraud**

100. Defendants incorporate by reference their responses to paragraphs 1-99 of the Complaint, as set forth above.

101. Defendants admit only that the August 23, 2017 email, a copy of which is purportedly attached to the Complaint as Exhibit 5, speaks for itself. Otherwise, Defendants are without knowledge as to the allegations of paragraph 101, and therefore deny the same.

102. Defendants deny the allegations of paragraph 102 of the Complaint.

103. Defendants deny the allegations of paragraph 103 of the Complaint.

104. Defendants deny the allegations of paragraph 104 of the Complaint.

105. Defendants deny the allegations of paragraph 105 of the Complaint.

106. Defendants deny the allegations of paragraph 106 of the Complaint.

107. Defendants deny the allegations of paragraph 107 of the Complaint.

108. Defendants deny the allegations of paragraph 108 of the Complaint.

109. Defendants deny the allegations of paragraph 109 of the Complaint.

### FOURTH CAUSE OF ACTION

**Professional Negligence**

110. Defendants incorporate by reference their responses to paragraphs 1-109 of the Complaint, as set forth above.

111. Defendants admit only that on or around May 6, 2015, the Debtor retained B&H as counsel.

112. Defendants deny the allegations of paragraph 112 of the Complaint.

DEFENDANTS', BAKER & HOSTETLER LLP AND BRUCE R. GREENE, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

113. Defendants deny the allegations of paragraph 113 of the Complaint.

114. Defendants deny the allegations of paragraph 114 of the Complaint.

115. Defendants deny the allegations of paragraph 115 of the Complaint.

116. Defendants deny the allegations of paragraph 116 of the Complaint.

117. Defendants deny the allegations of paragraph 117 of the Complaint.

### FIFTH CAUSE OF ACTION

### Breach of Contract

118. Defendants incorporate by reference their responses to paragraphs 1-117 of the Complaint, as set forth above.

119. Defendants admit the allegations of paragraph 119 of the Complaint.

120. Defendants deny the allegations of paragraph 120 of the Complaint.

121. Defendants deny the allegations of paragraph 121 of the Complaint.

122. Defendants deny the allegations of paragraph 122 of the Complaint.

123. Defendants deny the allegations of paragraph 123 of the Complaint.

WHEREFORE, Defendants, Baker & Hostetler LLP and Bruce R. Greene, request that the Court deny all relief to the Debtor, enter judgment in Defendants' favor, and award Defendants all fees and costs incurred in the defense of this matter.

### GENERAL DENIAL

Defendants deny each and every allegation of fact, conclusion of law, or other matter contained in the Complaint that has not been expressly admitted herein.

### AFFIRMATIVE DEFENSES

In addition to the defenses set forth below, Defendants reserve the right to assert any other defense or affirmative defense that may become available during discovery or otherwise in this proceeding.

### FIRST AFFIRMATIVE DEFENSE

### Setoff

1.  B&H affirmatively alleges and asserts that the Debtor's claims are subject to setoff. On October 27, 2017, the Debtor filed a List of Creditors and Claims Pursuant to 11 U.S.C. §§ 924 and 925 (D.E. 154) identifying B&H as a creditor of the Debtor. On April 10, 2018, B&H filed an unsecured proof of claim against the Debtor ("Proof of Claim") in the amount of $498,825.40 based on legal services performed for the Debtor through September 30, 2017. To the extent that the Debtor is entitled to any damages against B&H in this action, such damages must be setoff against B&H's Proof of Claim, the Proof of Claim allowed to the extent that the damages awarded in this action are less than the amount of the Proof of Claim, and the Proof of Claim disallowed and a judgment entered against B&H only to the extent such damages are more than the amount of the Proof of Claim.

## SECOND AFFIRMATIVE DEFENSE

### Estoppel and Unclean Hands

2.  Defendants affirmatively allege and assert that the Debtor's claims are barred by the doctrines of estoppel and unclean hands. The Debtor expressly authorized many of the actions the Debtor is now alleging were improper. This includes, but is not limited to, retaining Defendants as counsel, directing Defendants to pursue the Betre Lawsuit, adopting Resolution 852, and negotiating and closing on the transaction with Celtic Leasing. Defendants reasonably relied on the Debtor's authorization for such actions, and the Debtor is barred by the doctrines of estoppel and unclean hands from alleging that its own decisions caused it harm and form the basis for Defendants' liability to the Debtor.

## THIRD AFFIRMATIVE DEFENSE

### Indemnification

3.  Defendants affirmatively allege and assert that, as counsel for the Debtor, they are entitled to indemnification under the Debtor's Bylaws, and accordingly, demand that the Debtor indemnify Defendants to the fully extent possible under applicable law.

## FOURTH AFFIMATIVE DEFENSE

### Contributory Negligence

4.　Defendants affirmatively allege and assert that that the Debtor caused or contributed to any damages it alleges to have incurred, and to the extent that the Debtor is entitled to damages (which Defendants expressly deny), the Debtor's damages must be partially or fully reduced based on the Debtor's own contributory negligence.

### FIFTH AFFIRMATIVE DEFENSE

#### Failure to State a Claim

5.　Defendants affirmatively allege and assert that the Debtor's claims are barred because they fail to state a claim for which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

#### Laches

6.　Defendants affirmatively allege and assert that the Debtor's claims are barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

#### Waiver

7.　Defendants affirmatively allege and assert that the Debtor's claims are barred by the Debtor's prior express or implied waiver of such claims.

June 14, 2019

MURPHY, PEARSON, BRADLEY & FEENEY

By __/s/ *Harlan B. Watkins*__
　　Harlan B. Watkins
　　Attorneys for Defendants
　　BAKER & HOSTETLER LLP, and BRUCE GREENE, ESQ.

Doc. 3445120

I, Nancy Davidson, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is Murphy, Pearson, Bradley & Feeney, 88 Kearny Street, 10th Floor, San Francisco, CA 94108-5530.

On June 17, 2019, I served the following document on the parties in the within action:

**DEFENDANTS', BAKER & HOSTETLER LLP AND BRUCE R. GREENE, FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

| X | **VIA MAIL:** I am familiar with the business practice for collection and processing of mail. The above-described document will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service on this date, addressed as listed below. |
|---|---|

Michael Lampe
LAW OFFICES OF MICHAEL J. LAMPE
108 West Center Avenue
Visalia, CA 93291

Email: mjl@lampe-law.com

Attorney For Plaintiff
TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on June 17, 2019.

By _____
Nancy F. Davidson