18

WALTER WILHELM LAW GROUP
A Professional Corporation
Riley C. Walter #91839
205 East River Park Circle, Ste. 410
Fresno, CA 93720
Telephone: (559) 435-9800
Facsimile: (559) 435-9868
E-mail: rileywalter@W2LG.com

Attorneys for Debtor and Plaintiff Tulare Local Healthcare District

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

In re

TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,

Debtor.

Tax ID #: 94-6002897
Address: 869 N. Cherry Street
Tulare, CA 93274

CASE NO. 17-13797

Chapter 9

TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,

Plaintiff,

v.

BRUCE R. GREENE; BAKER & HOSTETLER, LLP, a limited liability partnership; PARMOND KUMAR, M.D.; LINDA WILBOURN; RICHARD TORREZ; and DOES 1 through 50, inclusive,

Defendants.

Adv. Proc. No. 19-01052

DC No. WW-1

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEBTOR AND PLAINTIFF TULARE LOCAL HEALTHCARE DISTRICT'S MOTION FOR REMAND OF LAWSUIT TO STATE COURT PURSUANT TO 28 U.S.C. § 1452(b)**

Date: July 17, 2019
Time: 9:30 a.m.
Place: 2500 Tulare Street
Fresno, CA 93721
Courtroom 13
Judge: Honorable René Lastreto II

## TABLE OF CONTENTS

I. SUMMARY OF ARGUMENT .......... 3
II. STATEMENT OF FACTS .......... 3
A. The Parties to the State Court Action .......... 4
1. The District .......... 4
2. The Defendants in the State Court Lawsuit .......... 4
B. The Facts and Causes of Action Allege in the State Court Action. .......... 5
1. BakerHostetler's Concurrent Representation of HCCA and the District .......... 5
2. The Betre Lawsuit in Tulare County Superior Court .......... 5
3. The Election to Recall Kumar and to Elect Senovia Gutierrez To the District's Board and Its Aftermath .......... 6
4. The Transaction with Celtic Leasing and Diversion of the Proceeds to Tulare Asset Management .......... 7
C. The Resolution of All Litigation in the Bankruptcy Court with the District's Former Manager and Celtic .......... 9
III. ARGUMENT .......... 10
A. The BakerHostetler Defendants Have Not Established that the State Court Action is "Related To" the District's Chapter 9 Case .......... 10
B. Equity Compels Remand to the Tulare Superior Court .......... 12
CONCLUSION .......... 17

# TABLE OF AUTHORITIES

## Cases

*In re Casamont Investors, Ltd.*, 196 B.R. 517, 524 (9th Cir. BAP 1996)....17
*In re Cedar Funding, Inc.*, 419 B.R. 807, 820-821 and n.18 (9th Cir. BAP 2009) ....13
*In re Cytodyn of New Mexico, Inc.*, 374 B.R. 733, 738 (Bankr. C.D. Cal. 2007)....13
*In re Enron Corp.*, 296 B.R. 505, 508 n.2 (C.D. Cal. 2003)....13
*In re Fietz*, 852 F.2d 455, 457 (9th Cir 1988) ....12
*In re McCarthy*, 230 B.R. 414, 417 (9th Cir. BAP 1999)....13
*Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)....12
*United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ....17

## Rules

28 U.S.C. § 1334....11, 13, 14, 16
28 U.S.C. § 1452(a)....11
28 U.S.C. § 157(a) ....11
28 U.S.C. § 157(b)(1) ....11
28 U.S.C. § 157(b)(2) ....12
28 U.S.C. § 157(c)(1)....12, 17
28 U.S.C. §157(b) ....16

Debtor and Plaintiff Tulare Local Healthcare District, dba Tulare Regional Medical Center (the "District") respectfully submits this memorandum of points and authorities in support of its motion made pursuant to 28 U.S.C. § 1452(b) for an order remanding the action entitled *Tulare Local Health Care District v. Bruce R. Greene, et al.*, Case No. VCU 278333, back to the Superior Court of the State of California for the County of Tulare ("Tulare County Superior Court").

## I. SUMMARY OF ARGUMENT

This Court should remand the action entitled *Tulare Local Health Care District v. Bruce R. Greene, et al.*, Case No. VCU 278333, back to the Tulare County Superior Court. First, the two defendants (of a total of five defendants) that filed the Notice of Removal, defendants Bruce R. Greene and Baker Hostetler LLP, have not established that this Court has jurisdiction over the lawsuit because they have failed to show that it is "related to" the District's chapter 9 case under applicable Ninth Circuit law. Second, even if "related to" jurisdiction could be established, the District has demonstrated that all of the factors which courts evaluate in deciding whether to remand an action to the non-bankruptcy forum weigh heavily in favor of remand. For the reasons set forth below, the District respectfully requests that this Court remand the lawsuit back to the Tulare County Superior Court pursuant to 28 U.S.C. § 1452(b).

## II. STATEMENT OF FACTS

The District filed a lawsuit entitled *Tulare Local Health Care District v. Bruce R. Greene, et al.*, Case No. VCU 278333 ("State Court Action") in the Tulare County Superior Court on May 28, 2019. The facts alleged in the State Court Action occurred prior to the date that the District commenced its chapter 9 case. The facts involve a concerted effort by the District's former counsel, defendants Bruce Greene ("Greene") and BakerHostetler LLP (BakerHostetler") to obstruct and prevent Senovia Gutierrez ("Gutierrez") from being seated on the District's Board after Gutierrez had been duly elected by the voters of the District and sworn in as a member of the District's Board. The District alleges in the State Court Action that, among other things, this scheme

was perpetrated so that the former manager of the District's hospital and other facilities, Healthcare Conglomerate Associates, LLC ("HCCA" or "former Manager"), could complete a transaction involving the sale and leaseback of the District's equipment and property which would generate $3,000,000 in proceeds, part of which was obtained and then diverted to pay BakerHostetler and Greene approximately $500,000 for unpaid legal fees.

**A. The Parties to the State Court Action**

**1. The District**

The District is a public local healthcare district organized under the Local Hospital District Law set forth in California's Health and Safety Code, and is the plaintiff in the State Court Action. The District is governed by a Board of Directors consisting of five elected or appointed persons residing in specific electoral zones of the District (the "Board"). The District currently leases a general acute hospital facility (the "Hospital"),[1] clinics and other facilities to Adventist Health ("Adventist"). The District serves the needs of over 70,000 residents of the City of Tulare and the surrounding rural communities.

**2. The Defendants in the State Court Lawsuit**

Defendant BakerHostetler is a national law firm with offices in major cities throughout the United States. Defendant Greene is an attorney and partner in BakerHostetler's Los Angeles office. BakerHostetler and Greene are the District's former counsel (together, the "BakerHostetler Defendants"). At all times relevant to the events alleged in the State Court Action, BakerHostetler and Greene were also the attorneys for HCCA. Defendants Parmod Kumar ("Kumar"),[2] Linda Wilbourn ("Wilbourn") and Richard Torrez ("Torrez")[3] are individuals and former members of the District's Board. Wilbourn, Kumar and Torrez did not file any Notice of Removal. None

---

[1] The Hospital is now called Adventist Health Tulare.

[2] The caption of the Notice of Removal of Action erroneously identifies defendant Parmod Kumar as "Parmond" Kumar.

[3] The caption of the Notice of Removal of Action erroneously identifies defendant Richard Torrez as "Ricard" Torrez.

Filed 06/17/19 Case 19-01052 Doc 14

of the defendants are debtors in any bankruptcy proceeding as far as the District is aware.

**B. The Facts and Causes of Action Alleged in the State Court Action**

The complaint in the State Court Action alleges five causes of action, all of which are predicated on the same facts and governed by state law: (1) breach of fiduciary duty against BakerHostetler and Greene; (2) breach of fiduciary duty against Wilbourn, Kumar and Torrez; (3) fraud against Greene; (4) professional negligence against BakerHostetler and Greene; and (5) breach of contract against BakerHostetler and Greene.

**1. BakerHostetler's Concurrent Representation of HCCA and the District**

By way of background, in late 2013, Greene formed HCCA by signing its Articles of Organization. Beginning in around April 2014, HCCA managed the Hospital under four agreements, one of which was called a Management Services Agreement ("MSA"). In May of 2014, Greene served as counsel for HCCA and Benzeevi, the sole member of HCCA. Greene also drafted and negotiated the MSA. In or before May of 2015, Greene and BakerHostetler undertook to represent the District. Greene and BakerHostetler continued to represent the Hospital's former Manager while also representing the District until the District terminated Greene and BakerHostetler in July 2017.

**2. The Betre Lawsuit in Tulare County Superior Court**

In or around March of 2016, on the advice and recommendation of Greene, the District decided to pursue a lawsuit against Dr. Abraham Betre ("Betre"), which was filed in May 2016 by plaintiffs Kumar, Benzeevi and Rebecca Zulim ("Zulim"), being case no. VCU265230 in the Tulare County Superior Court (the "Betre Lawsuit"). The Betre Lawsuit alleged that Betre violated a confidentiality agreement and medical staff bylaws by speaking to a reporter from the Valley Voice newspaper in March 2016. The plaintiffs also alleged that Betre was "out to get" Kumar, Benzeevi and Zulim. Plaintiffs

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND -6- M:\S-U\TRMC\PLEADINGS\Adversary Proceedings\TRMC v. Greene, et. al Ad Proc 19-01052\WW-1 Motion to Remand\brief.6-14-19.gaa.docx

asserted causes of action for invasion of privacy, unfair business practices, interference with prospective economic advantage and injunctive relief in the Betre Lawsuit. The District was never a party to the Betre Lawsuit. The plaintiffs lost the Betre Lawsuit and then, based on Greene's advice, the Hospital's former Manager used the District's cash to post an appeal bond of just over $78,000 in Tulare County Superior Court, which the District contends was an unlawful use of public money.

**3. The Election to Recall Kumar and to Elect Senovia Gutierrez to the District's Board and Its Aftermath**

After residents became unhappy with the management of the Hospital, residents began collecting signatures for a petition to recall Kumar.[4] Despite efforts to prevent the recall of Kumar, the petition to recall Kumar was successful and an election was scheduled to take place on July 11, 2017. A few weeks before the July 11, 2017 recall election, the Hospital's former Manager convened a special meeting of the District's Board and proposed that the District borrow up to $22 million to fund certain operational expenses. A special Board meeting was held on June 20 to consider that request, and the Board voted 3-2[5] to approve the request. The resolution approving that motion was given the number Resolution No. 852 ("Resolution No. 852").

In the special election, the District's voters recalled Kumar and elected Senovia Gutierrez ("Gutierrez") to replace Kumar. The Tulare County Elections Office certified the results of the special election, and on July 25, 2017, Gutierrez took the Oath of Office before Judge Waiter Gorelick at a public ceremony. On July 26, 2017, at the Board's regularly scheduled meeting, Wilbourn refused to recognize Gutierrez as a Board member. In refusing to recognize Gutierrez as a Board member, Wilbourn relied on the opinion of Greene and BakerHostetler, who at that time was also counsel for both the District and the Hospital's former Manager, to justify her refusal to recognize

---

[4] Shortly before a November 2016 regular election for two seats on the District's Board, Greene formed an entity called Tulare Asset Management, LLC ("Tulare Asset Management") by executing its Articles of Organization.

[5] Board members Northcraft and Jamaica voted against the proposed resolution, and Board members Kumar, Torrez and Wilbourn voted for the proposed resolution.

Gutierrez as a Board member. Board members Northcraft, Jamaica and Gutierrez conducted a special meeting on July 27, 2017. Late in the evening of July 26, Greene, acting as counsel for the Hospital's former Manager and the District, declared that the District would not recognize any action taken at the July 27 Board meeting.

At the July 27 special Board meeting, the Board approved motions to, among other things: (a) rescind Resolution No. 844 pursuant to which the Hospital's former Manager had the authority to engage legal counsel; (b) rescind Resolution No. 852 regarding the Hospital's former Manager's authority to seek loans; (c) terminate Greene and BakerHostetler as counsel for the District; (d) retain the law firm of McCormick Barstow as counsel for the District; and (e) schedule a special meeting to be held on August 9, 2017. Board members Wilbourn and Torrez did not attend that meeting. On the late evening of July 28, 2017, in an email sent to Northcraft, Greene stated that, acting in his capacity as counsel for the Board, it was his opinion that the special meeting held on July 27 was invalid and that Gutierrez was not a member of the Board. He further asserted that Northcraft, Gutierrez and Jamaica were "risking personal liability" for conducting such Board meetings and that "there will be no insurance coverage or indemnification rights under the District's Bylaws" in the event of litigation.

On August 23, 2017, a regular meeting of the Board was scheduled to take place. That very same day, Wilbourn transmitted a letter to Greene resigning from the Board effective noon that same day. In an email to Northcraft transmitted late in the afternoon of August 23, Greene stated that Wilbourn and Torrez were not available to attend the Board meeting and it would be canceled. Despite efforts to stop the Board from conducting a meeting, the Board met on August 23 to conduct the District's business.

### 4. The Transaction with Celtic Leasing and Diversion of the Proceeds to Tulare Asset Management

While Greene, BakerHostetler and the other defendants worked to prevent the District from conducting any Board meetings and tried to obstruct Gutierrez from being

seated as a member of the Board, the Hospital's former Manager expedited its efforts to obtain loans in the District's name secured by District assets and sell District assets under a "sale/leaseback" financing arrangement. In August 2017, the Hospital's former Manager orchestrated a transaction with Celtic Leasing Corp. ("Celtic") and MB Financial, a national banking association ("MB Financial") to (a) sell personal property assets of the District to Celtic for the sum of $3,000,000; (b) obligate the District to lease that personal property back from Celtic for the sum of $82,026.00 per month; and (c) direct Celtic to wire transfer the $3,000,000 in proceeds from the sale of District assets to a bank account that was *not* a District bank account, but rather was a bank account owned and held by Tulare Asset Management (the "Celtic Transaction").[6]

In connection with the Celtic Transaction, on August 28, 2017, BakerHostetler, acting as "special counsel" to the Hospital's former Manager, provided Celtic with an opinion letter with respect to the sale and leaseback of the District's assets to Celtic. The Hospital's former Manager provided Celtic with wire transfer instructions to wire the sum of $3,000,000 to the account of Tulare Asset Management, LLC, Attn: Accounts Receivable. On August 31, 2017, MB Financial wire transferred the $3,000,000 in proceeds from the unauthorized sale of the District's assets into the account of Tulare Asset Management. On or about September 10, 2017, twenty days before the District filed its chapter 9 petition, BakerHostetler was paid $499,727.93 for legal services from the proceeds of the transaction with Celtic Leasing. In late September 2017, a Deed of Trust was executed purporting to encumber the District's real property to secure purported promissory notes payable to the District's former Manager in the amount of approximately $10 million,[7] which was recorded in the Tulare County Recorder's Office.[8] The District subsequently commenced this chapter 9 case on September 30, 2017.

---

[6] This transaction was the subject of Adversary Proceeding No. 18-01008.

[7] This alleged debt was the subject of Adversary Proceeding No. 17-01095 which was settled and dismissed.

[8] The execution of the Deed of Trust and related events were the subject of Adversary Proceeding No. 18-01005 which was settled and dismissed.

### C. The Resolution of All Litigation in the Bankruptcy Court with the District's Former Manager and Celtic

During the chapter 9 case, three adversary proceedings were filed involving some of the events described above. Those adversary proceedings were as follows: (1) *Healthcare Conglomerate Associates, LLC v. Tulare Local Healthcare District*, Adv. Pro. No. 17-01095 (involving a state court action against the District's assets removed by the District to this Court) which was dismissed on February 21, 2019 (Dkt. 178); (2) *Tulare Local Healthcare District v. Healthcare Conglomerate Associates, LLC,* Adv. Pro. No. 18-01005 (a preference and fraudulent conveyance action involving HCCA's execution of the Deed of Trust) which was dismissed on February 21, 2019 (Dkt. 96); and (3) *Tulare Local Healthcare District v. Celtic Financial, et al.*, Adv. Pro. No. 18-01008 (a preference and fraudulent conveyance action involving the sale and leaseback of the District's equipment), which was dismissed on January 28, 2019 (Dkt. 37). Thus, there are no longer any pending adversary proceedings related to the facts alleged in the State Court Action.

On January 22, 2019, this Court entered an order approving a compromise of controversy with respect to the adversary proceeding of *Tulare Local Healthcare District v. Celtic Financial, et al.,* Adv. Pro. No. 18-01008, and the claims of Celtic Commercial Finance (the successor to Celtic Leasing) and MB Financial Bank (the "MB Parties") against the District. (Dkts. 981 through 985, and 1025). Pursuant to the Order Approving Compromise of Controversies ("Settlement Order"), MB Financial was granted an allowed general unsecured claim, the District paid a sum certain to MB Financial, and the automatic stay was terminated as provided in the settlement agreement between the parties. (Dkt. 1025) The settlement approved by the Settlement Order has been fully consummated, and there is nothing for this Court to adjudicate in any of the adversary proceedings described above or with regard to the settlement approved by the Settlement Order.

///

## III. ARGUMENT

The BakerHostetler Defendants contend that this Court has jurisdiction over the State Court Action under 28 U.S.C. § 1334 and 28 U.S.C. § 1452(a) because "the outcome of the proceeding could conceivably have an effect on the Debtor's bankruptcy case." Notice at p. 4, lns. 6-7. The Notice does not specify what aspect of the State Court Action" could conceivably have an effect on the Debtor's bankruptcy case." The BakerHostetler Defendants assert that the Court has ancillary jurisdiction over the State Court Action "to the extent resolving the State Court Action requires that the Court dispose of factually interdependent claims or to effectuate or vindicate its authority to enter its Settlement Order." The BakerHostetler Defendants do not identify any "factually interdependent claims" or explain how any resolution of the State Court Action in any way involves effectuation or vindication of the Court's authority to enter the Settlement Order.[9] The Notice is defective on its face, and the State Court Action should be remanded to the Tulare County Superior Court pursuant to 28 U.S.C. § 1452(b).[10]

### A. The BakerHostetler Defendants Have Not Established That The State Court Action is "Related To" The District's Chapter 9 Case

Congress vested original and exclusive jurisdiction over all case under title 11 in the district courts. 28 U.S.C. § 1334(a). Congress further provided that the district courts may provide that any or all cases under title 11 and any or all proceedings arising under, in, or related to cases under title 11 shall be referred to the bankruptcy judges for the district. 28 U.S.C. § 157(a). 28 U.S.C. § 157(b)(1) states that bankruptcy judges may hear and determine all cases under title 11 and core proceedings arising under title 11, or arising in a case under title 11, and "core proceedings" are identified

---

[9] In a chapter 9 case, there is no "estate" and the term "property of the estate" means "property of the debtor." 11 U.S.C. § 902(1).

[10] The issue of whether a party can remove an action from a state court directly to a bankruptcy court under 28 U.S.C. § 1452 was briefed in Adv. Pro. No. 17-01095. (Dkts. 17-19, 59-61, 71). Insofar as there is a split within the federal circuits on this issue with no controlling Ninth Circuit law, the District has not based its motion to remand on the argument that removal was improper because the BakerHostetler Defendants removed the State Court Action directly to the bankruptcy court.

in 28 U.S.C. § 157(b)(2). The State Court Action is *not* a core proceeding because it does not arise under or arise in a case under title 11, and the BakerHostetler Defendants state that the "State Court Action is a non-core proceeding." Notice at p. 4, ln. 14.

If a bankruptcy court determines that a proceeding is a non-core proceeding and is "otherwise related to a case under title 11," then "a bankruptcy judge may hear a proceeding and must submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge..." 28 U.S.C. § 157(c)(1). In *In re Fietz*, 852 F.2d 455, 457 (9th Cir 1988), the Ninth Circuit adopted the test set forth in the Third Circuit's decision in the *Pacor* case for determining whether a case was "otherwise related to a case under title 11." In *Pacor*, the court determined that the test for determining whether a civil proceeding is related to a bankruptcy case is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984).

The BakerHostetler Defendants have not established that the State Court Action could conceivably have any effect on the District's property administered in this chapter 9 case. The State Court Action does not require that this Court dispose of any factually interdependent claims or to effectuate or vindicate its authority to enter its Settlement Order. The two adversary proceedings between HCCA and the District described in section II(C) above have been resolved and dismissed and, in any event, those cases did not involve claims of professional negligence by BakerHostetler and Greene, any claim to recover attorneys' fees from BakerHostetler and Greene, or any allegations of a breach of fiduciary duty against Torrez, Wilbourn and Kumar. Similarly, the adversary proceeding between the District and the MB Parties described in section II(C) above has been resolved and dismissed, and there is nothing about the State Court Action that in any way involves effectuation or vindication of this Court's authority to enter the Settlement Order. Finally, BakerHostetler's Proof of Claim is for *unpaid* legal fees. In

contrast, the District seeks to recover monies the District *paid* to BakerHostetler and Greene for legal services, as well as damages based on its claims for professional negligence, fraud, breach of fiduciary duty and breach of contract for legal services. As such, the BakerHostetler Defendants have not established that the State Court Action can "conceivably have any effect" on this Court's administration of this chapter 9 case.[11]

**B. Equity Compels Remand to the Tulare County Superior Court**

Even if the BakerHostetler Defendants could establish the State Court Action is "otherwise related to" the District's chapter 9 case, equity compels that the State Court Action be remanded to the Tulare County Superior Court.[12] Pursuant to 28 U.S.C. § 1452(b), upon removal of a state court action "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). This standard is "an unusually broad grant of authority" which allows for remand for reasons beyond those typical of non-bankruptcy removal statutes. *In re McCarthy*, 230 B.R. 414, 417 (9th Cir. BAP 1999).

In the Ninth Circuit, bankruptcy courts consider at least fourteen factors in deciding whether to remand an action to the non-bankruptcy forum pursuant to 28 U.S.C. § 1452(b). *In re Cedar Funding, Inc.*, 419 B.R. 807, 820-821 and n.18 (9th Cir. BAP 2009), *citing In re Enron Corp.*, 296 B.R. 505, 508 n.2 (C.D. Cal. 2003); *In re Cytodyn of New Mexico, Inc.*, 374 B.R. 733, 738 (Bankr. C.D. Cal. 2007). These fourteen non-exclusive factors are:

(1) the effect or lack thereof on the efficient administration of the estate if a court recommends remand;

(2) the extent to which state law issues predominate over bankruptcy issues;

---

[11] In the context of a chapter 9 case where there is no "estate" and the bankruptcy court's role and jurisdiction is limited by reason of 11 U.S.C. § 904, establishing "related to" jurisdiction is arguably very difficult and limited.

[12] The District believes that the analysis in this section also establishes that remand is mandated under 28 U.S.C. § 1334(c)(1)&(2) although these abstention statutes are not technically applicable to cases removed into the bankruptcy court.

(3) the difficulty or unsettled nature of the applicable law;

(4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;

(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7) the substance rather than form of an asserted "core" proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden on the bankruptcy court's docket;

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial;

(12) the presence in the proceeding of nondebtor parties;

(13) comity; and

(14) the possibility of prejudice to other parties in the action. *Id.*

An analysis of all of the applicable fourteen factors demonstrates that equity requires that the State Court Action be remanded to the Tulare County Superior Court.

The first factor, effect or lack thereof on the efficient administration of the estate if a court recommends remand, favors remand. The District's chapter 9 case will only be aided by remand because this Court's calendar will not be clogged by a case for which the District is entitled to a jury trial and will try before a jury against all of the defendants (and the District does not consent to a jury trial in the bankruptcy court or otherwise consent to adjudication in the bankruptcy court). None of the five defendants are parties to any litigation in the bankruptcy court, and all of the causes of action for will be tried before a jury, including the cause of action for breach of fiduciary duty against non-removing defendants Wilbourn, Torrez and Kumar.

The second factor, the extent to which state law issues predominate over bankruptcy issues, weighs strongly in favor of remand. All of the causes of action alleged in the State Court Action for fraud, breach of fiduciary duty, professional negligence and breach of contract for legal services are governed by state law. While bankruptcy courts routinely consider issues of state law in deciding various matters that may arise in bankruptcy cases, the State Court Action will be tried before a jury and, in this instance, the Tulare County Superior Court is the best forum to handle the discovery, pre-trial law and motion matters, and the expert witness and evidentiary issues that will likely arise in the State Court Action.

The third factor, the difficulty or unsettled nature of the applicable law, is a neutral factor because the applicable state law is not necessarily difficult or unsettled. The causes of action involve California law related to fraud, breach of fiduciary duty, breach of contract and the Rules of Professional Conduct governing legal ethics and professional conduct for lawyers licensed to practice in the State of California which are approved by the California Supreme Court.

The fourth factor, the presence of a related proceeding commenced in state court or other non-bankruptcy court, weighs in favor of remand. The allegations of the State Court Complaint involve matters litigated in two lawsuits filed in Tulare County Superior Court. Those two cases are entitled *Parmod Kumar, et al. v. Abraham Betre*, VCU 265230 (the "Betre Lawsuit"), and *Senovia Gutierrez v. Tulare Local Healthcare District, et* al., VCU 271265 ("Gutierrez Lawsuit"). The complaint involves and is predicated on matters litigated in the Betre Lawsuit[13] and the facts related to the recall election of Kumar, the election of Gutierrez and the efforts of the BakerHostetler Defendants and other defendants to obstruct and prevent Gutierrez from being seated on the District's Board which were directly at issue in the Gutierrez Lawsuit.[14] Therefore, this factor weighs in favor of remand.

---

[13] State Court Complaint appended to Dkt. 1450 at pp. 4-5, ¶¶ 21-35.
[14] State Court Complaint appended to Dkt. 1450 at pp. 6-9, ¶¶ 44-70.

An analysis of the fifth factor, the jurisdictional basis, if any, other than 28 U.S.C. § 1334, weighs in favor of remand. None of the causes of action alleged in the State Court Action involve a federal question or any other basis of federal court jurisdiction. None of the causes of action constitute a core proceeding as delineated in 28 U.S.C. §157(b). In fact, as set forth in Section III(A) above, the BakerHostetler Defendants have not even established that the State Court Action is "related to" the District's chapter 9 case. The State Court Action does not require that this Court dispose of factually interdependent claims or to effectuate or vindicate its authority to enter its Settlement Order. BakerHostetler's Proof of Claim is for *unpaid* fees for legal services. In contrast, the District seeks to recover monies the District *paid* to BakerHostetler and Greene for legal services. As such, the BakerHostetler Defendants have not established that the State Court Action can "conceivably have any effect" on this Court's administration of this chapter 9 case.

The sixth factor, the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, weighs heavily in favor of remand. The State Court Action is not related to the District's chapter 9 case, and nothing in the Notice establishes any degree of "relatedness" for the reasons discussed above.

The seventh factor, the substance rather than form of an asserted "core" proceeding, weighs in favor of remand. The BakerHostetler Defendants do not even assert that the State Court Action is a "core" proceeding and, instead, state that the State Court Action is a non-core proceeding. Notice at p. 4, ¶ 14.

The eighth factor, the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, weighs in favor of remand because all of the causes of action are based on state law, and there are no core bankruptcy matters whatsoever.

The ninth factor, the burden on the bankruptcy court's docket, weighs heavily in favor of remand because this case will involve significant discovery (and related disputes), law and motion practice, expert witnesses and a jury trial. Given that the

bankruptcy court would need to submit proposed findings of fact and conclusions of law to the district court which would then be reviewed *de novo* if a party objected (even if there was "related to" jurisdiction), any final order or judgment would need to be entered by the district court as provided in 28 U.S.C. § 157(c)(1).

The District believes that tenth factor, the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, weighs in favor of remand because this appears to be an effort by the BakerHostetler Defendants to avoid a jury trial in the Tulare County Superior Court and to avoid facing the consequences of their actions perpetrated on the residents of the District.

The eleventh and twelfth factors also weigh strongly in favor of remand. For the eleventh factor, the District has a right to a jury trial on all of its causes of action alleged in the State Court Action and has deposited jury fees with the Tulare County Superior Court. As to the twelfth factor, there are presently five defendants, all of which are nondebtor parties. The bankruptcy court does not have jurisdiction to adjudicate the causes of action against the other three defendants (Wilbourn, Kumar and Torrez). Furthermore, Wilbourn filed her answer to the complaint and has asserted that the bankruptcy court does not have jurisdiction to adjudicate any *Stern* claims.[15] Wilbourn has also filed a Cross-Claim and asserted claims against additional non-debtor parties.

As for the thirteenth factor, comity favors allowing state courts to adjudicate state law claims. The Ninth Circuit Bankruptcy Appellate Panel has indicated that "[n]eedless decisions of state law by federal courts should be avoided as a matter of comity . . . in order to procure for the litigants 'a surer-footed reading of applicable law.'" *In re Casamont Investors, Ltd.*, 196 B.R. 517, 524 (9th Cir. BAP 1996), *citing*, *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Remand furthers the principle of comity to permit the Tulare County Superior Court to adjudicate the District's causes of action, all of which are predicated entirely on state law. The last

---

[15] Answer to Complaint on Behalf of Linda Wilbourn at p. 19, lns. 10-14 (Dkt. No. 6 in this adversary proceeding).

factor, the possibility of prejudice to other parties in the action, favors remand. It will be prejudicial to defendants Wilbourn, Kumar and Torrez to have fragmented litigation between the state court and the bankruptcy court in litigating the District's causes of action, and the Tulare County Superior Court has greater familiarity in deciding state law issues.

## IV. CONCLUSION

For the foregoing reasons, the District respectfully requests that the Court remand the State Court Action back to the Tulare County Superior Court.

Dated: June 17, 2019

WALTER WILHELM LAW GROUP,
a Professional Corporation

By: Riley C Walter
Riley C. Walter
Attorneys for Debtor and Plaintiff Tulare Local Healthcare District, dba Tulare Regional Medical Center