9

1  James A. Murphy - 062223
   JMurphy@mpbf.com
2  Harlan B. Watkins – 176458
   hwatkins@mpbf.com
3  John P. Girarde – 191518
   jgirarde@mpbf.com
4  MURPHY, PEARSON, BRADLEY & FEENEY
   88 Kearny Street, 10th Floor
5  San Francisco, CA  94108-5530
   Tel:     (415) 788-1900
6  Fax:     (415) 393-8087

7  Attorneys for Defendants/Cross-Defendants
   **BAKER & HOSTETLER LLP, and**
8  **BRUCE R. GREENE, ESQ.**

9

10              **UNITED STATES BANKRUPTCY COURT**

11              **EASTERN DISTRICT OF CALIFORNIA**

12                      **FRESNO DIVISION**

13  | In re | **CASE NO. 17-13797** |
14  | | |
    | TULARE LOCAL HEALTHCARE | |
15  | DISTRICT, dba TULARE REGIONAL | Chapter 9 |
    | MEDICAL CENTER, | |
16  | | |
    |         Debtor. | |
17  | | |
    | Tax ID #:   94-6002897 | |
18  | | |
    | Address:   869 N. Cherry Street | |
19  |                 Tulare, CA 93274 | |
20  | | |
    | TULARE LOCAL HEALTHCARE | ADV. PROC. 19-01052 |
21  | DISTRICT, dba TULARE REGIONAL | |
    | MEDICAL CENTER, | **CROSS-DEFENDANTS BAKER &** |
22  | | **HOSTETLER LLP AND BRUCE R.** |
    |         Plaintiff, | **GREENE'S ANSWER AND** |
23  | | **AFFIRMATIVE DEFENSES TO CROSS-** |
    | v. | **CLAIM OF LINDA WILBOURN** |
24  | | |
    | BRUCE R. GREENE; BAKER & | [No Hearing Required] |
25  | HOSTETLER, LLP, a limited liability | |
    | partnership; PARMOND KUMAR, M.D.; | |
26  | LINDA WILBOURN; RICARD TORREZ; | |
    | and Does 1 through 50, inclusive, | |
27  | | |
    |         Defendants. | |
28

                            - 1 -

TO CROSS-CLAIMANT LINDA WILBOURN AND HER COUNSEL OF RECORD:

BAKER & HOSTETLER LLP ("B&H") and BRUCE R. GREENE ("Greene") (collectively, "Cross-Defendants") hereby submit their written answer and affirmative defenses to the Cross-Claim filed against them by Cross-Claimant Linda Wilbourn (the "Cross-Claimant") [Docket Entry ("D.E.") 7 in Adv. Proc. 19-01052].

### ANSWER TO CROSS-CLAIM

#### Parties

1.      Cross-Defendants admit that Linda Wilbourn served on the board of directors of the Tulare Local Health Care District dba Tulare Regional Medical Center ("Debtor"). Otherwise, Cross-Defendants are without knowledge as to the allegations of paragraph 1 of the Cross-Claim, and therefore deny the same.

2.      Cross-Defendants admit the allegations of paragraph 2 of the Cross-Claim.

3.      Cross-Defendants admit the allegations of paragraph 3 of the Cross-Claim.

4.      Cross-Defendants admit the allegations of paragraph 4 of the Cross-Claim.

5.      Cross-Defendants are without knowledge as to the allegations of paragraph 5 of the Cross-Claim, and therefore deny the same.

6.      Cross-Defendants are without knowledge as to the allegations of paragraph 6 of the Cross-Claim, and therefore deny the same.

7.      Cross-Defendants are without knowledge as to the allegations of paragraph 7 of the Cross-Claim, and therefore deny the same.

#### The State Court Action and Removal to the U.S. Bankruptcy Court

8.      Cross-Defendants admit only that Cross-Claimant and Cross-Defendants are defendants in the complaint in the above-captioned litigation filed by the Debtor. Otherwise, Cross-Defendants are without knowledge as to the allegations of paragraph 8 of the Cross-Claim, and therefore deny the same.

9.      Cross-Defendants admit the allegations of paragraph 9 of the Cross-Claim.

10. Cross-Defendants admit only that the allegations pled in the complaint filed by Debtor speak for themselves. Otherwise, Cross-Defendants deny the allegations of paragraph 10 of the Cross-Claim.

11. Cross-Defendants admit only that Exhibit B attached to the Cross-Claim speaks for itself. Otherwise, Cross-Defendants are without knowledge as to the allegations of paragraph 11 of the Cross-Claim, and therefore deny the same.

### Jurisdiction

12. Cross-Defendants are without knowledge as to the allegations of paragraph 12 of the Cross-Claim, and therefore deny the same.

13. Cross-Defendants admit only that the Notice of Removal speaks for itself and venue is proper. Otherwise, Cross-Defendants deny the allegations of paragraph 13 of the Cross-Claim.

14. Cross-Defendants admit only that the Notice of Removal speaks for itself and that the State Court action was removed to this Court. Otherwise, Cross-Defendants deny the allegations of paragraph 14 of the Cross-Claim..

15. Cross-Defendants admit only that FRCP Rule 13 and FRBP Rule 7013 speak for themselves. Otherwise, Cross-Defendants deny the allegations of paragraph 15 of the Cross-Claim.

16. Cross-Defendants admit only that the cited Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure speak for themselves. Otherwise, Cross-Defendants deny the allegations of paragraph 16 of the Cross-Claim.

### Common Allegations

17. Cross-Defendants admit only that HCCA provided management services to the Debtor and that the allegations pled in the complaint speak for themselves. Otherwise, Cross-Defendants deny the allegations of paragraph 17 of the Cross-Claim.

18. Cross-Defendants admit only that they served as counsel to HCCA, but deny it was coterminous with Cross-Claimant's tenure as a member of the board of directors of the Debtor. Otherwise, Cross-Defendants deny the allegations of paragraph 18 of the Cross-Claim.

19.      Cross-Defendants admit only that they were retained to act as general counsel for the Debtor in May 2015. Otherwise, Cross-Defendants deny the allegations of paragraph 19 of the Cross-Claim.

20.      Cross-Defendants admit only that the allegations pled in the complaint speak for themselves. Otherwise, Cross-Defendants deny the allegations of paragraph 20 of the Cross-Claim.

21.      Cross-Defendants admit only that the allegations pled in the complaint speak for themselves. Otherwise, Cross-Defendants deny the allegations of paragraph 21 of the Cross-Claim.

22.      Cross-Defendants admit only that the allegations pled in the complaint speak for themselves. Otherwise, Cross-Defendants are without knowledge as to the allegations of paragraph 22 of the Cross-Claim, and therefore deny the same.

23.      Cross-Defendants admit only that the allegations pled in the complaint speak for themselves. Otherwise, Cross-Defendants are without knowledge as to the allegations of paragraph 23 of the Cross-Claim, and therefore deny the same.

24.      Cross-Defendants admit only that the allegations pled in the complaint speak for themselves. Otherwise, Cross-Defendants are without knowledge as to the allegations of paragraph 24 of the Cross-Claim, and therefore deny the same.

25.      Cross-Defendants are without knowledge as to the allegations of paragraph 25 of the Cross-Claim, and therefore deny the same.

## FIRST CAUSE OF ACTION

### (Equitable Indemnity Against All Cross-Defendants)

26.      Cross-Defendants incorporate by reference their responses to paragraphs 1-25 of the Cross-Claim, as set forth above.

27.      Cross-Defendants deny the allegations of paragraph 27(a) – (g) in the Cross-Claim.

28.      Cross-Defendants deny the allegations of paragraph 28(a) & (b) in the Cross-Claim.

29.      Cross-Defendants are without knowledge as to the allegations of paragraph 29 of the Cross-Claim, and therefore deny the same.

30.      Cross-Defendants are without knowledge as to the allegations of paragraph 30 of the Cross-Claim, and therefore deny the same.

## SECOND CAUSE OF ACTION

### (Tort of Another Against All Cross-Defendants)

31.     Cross-Defendants incorporate by reference their responses to paragraphs 1-30 of the Cross-Claim, as set forth above.

32.     Cross-Defendants deny the allegations of paragraph 32 in the Cross-Claim.

33.     Cross-Defendants are without knowledge as to the allegations of paragraph 33 of the Cross-Claim, and therefore deny the same.

34.     Cross-Defendants are without knowledge as to the allegations of paragraph 34 of the Cross-Claim, and therefore deny the same.

WHEREFORE, Cross-Defendants, Baker & Hostetler LLP and Bruce R. Greene, request that the Court deny all relief to the Cross-Claimant, enter judgment in Cross-Defendants' favor, and award Cross-Defendants all fees and costs incurred in the defense of this matter.

## GENERAL DENIAL

Cross-Defendants deny each and every allegation of fact, conclusion of law, or other matter contained in the Cross-Claim that has not been expressly admitted herein.

## AFFIRMATIVE DEFENSES

In addition to the defenses set forth below, Cross-Defendants reserve the right to assert any other defense or affirmative defense that may become available during discovery or otherwise in this proceeding.

### FIRST AFFIRMATIVE DEFENSE

#### Failure to State a Claim

1.     Cross-Defendants affirmatively allege and assert that Cross-Claimant's claims are barred because they fail to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

#### Comparative Fault

2.     Cross-Defendants affirmatively allege and assert that Cross-Claimant was negligent and/or careless in and about the matters alleged in the complaint, and to the extent said negligence

- 5 -

and/or carelessness caused and/or contributed to injuries and/or damages, if any, Cross-Claimant's recovery should be barred or proportionately reduced.

## THIRD AFFIRMATIVE DEFENSE

### Failure to Mitigate

3.     Cross-Defendants affirmatively allege and assert that Cross-Claimant failed and neglected to use reasonable care to protect herself and to minimize the losses and damages complained of, if any there were.

## FOURTH AFFIRMATIVE DEFENSE

### Fault of Others

4.     Cross-Defendants affirmatively allege and assert that other persons were careless and/or negligent, and/or committed intentional acts, and that this carelessness and negligence or these intentional acts proximately contributed to the happening of the incidents referred to in the Cross-Claim.

## FIFTH AFFIRMATIVE DEFENSE

### Estoppel and Unclean Hands

5.     Cross-Defendants affirmatively allege and assert that Cross-Claimant's claims are barred by the doctrines of estoppel and unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### Laches

6.     Cross-Defendants affirmatively allege and assert that Cross-Claimant's claims are barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

### Waiver

7.     Cross-Defendants affirmatively allege and assert that Cross-Claimant's claims are barred by the Cross-Claimant's prior express or implied waiver of such claims.

June 4, 2019

MURPHY, PEARSON, BRADLEY & FEENEY

By __/s/ *Harlan B. Watkins*_____
    Harlan B. Watkins
    Attorneys for Defendants/Cross-Defendants
    BAKER & HOSTETLER LLP, and BRUCE
    GREENE, ESQ.

CERTIFICATE OF SERVICE

I, Alice M. Kay/, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is .

On June 25, 2019, I served the following document(s) on the parties in the within action:

**CROSS-DEFENDANTS BAKER & HOSTETLER LLP AND BRUCE R. GREENE'S ANSWER AND AFFIRMATIVE DEFENSES TO CROSS-CLAIM OF LINDA WILBOURN**

| | |
|---|---|
| X | **VIA MAIL:** I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at  on this date, addressed as listed below. |
| | **VIA E-MAIL:** I attached the above-described document(s) to an e-mail message, and invoked the send command at approximately _____ AM/PM to transmit the e-mail message to the person(s) at the e-mail address(es) listed below. My email address is AKay@mpbf.com/ |
| | **VIA HAND:** The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as listed below. |
| | **VIA FACSIMILE:** The above-described document was transmitted via facsimile and a copy of same was mailed on this same date to the addresses listed below. |
| | **VIA OVERNIGHT SERVICE:** The above-described document(s) will be delivered by overnight service, to the addresses listed below. |
| | **VIA FILE & SERVE:** By causing a true and correct copy thereof to be served through File & ServeXpress addressed to all parties appearing on the File & ServeXpress Serve electronic service list. |

Michael Lampe
LAW OFFICES OF MICHAEL J. LAMPE
108 West Center Avenue
Visalia, CA  93291

Attorney For Plaintiff
TULARE LOCAL HEALTHCARE
DISTRICT, dba TULARE REGIONAL
MEDICAL CENTER

:
Dirk B. Paloutzian
Peter G. Fashing
BAKER MANOCK & JENSEN, PC
5260 North Palm Avenue, Fourth Floor
Fresno, CA  93704
Telephone: 559-432-5400

Attorney for Defendant
LINDA WILBOURN

1　　　　　I declare under penalty of perjury under the laws of the State of California that the foregoing is

2　　a true and correct statement and that this Certificate was executed on June 25, 2019.

3

4　　　　　　　　　　　　　　　　　By _____

　　　　　　　　　　　　　　　　　　Alice M. Kay/

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28