**7**

WANGER JONES HELSLEY PC
Riley C. Walter #91839
265 East River Park Circle, Ste. 310
Fresno, CA 93720
Telephone:　(559) 233-4800
Facsimile:　(559) 233-9330
E-mail:　rwalter@wjhattorneys.com

Attorneys for Debtor and Plaintiff Tulare Local Healthcare District

# IN THE UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| In re<br><br>TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,<br><br>　　　Debtor.<br><br>Tax ID #:　94-6002897<br>Address:　869 N. Cherry Street<br>　　　　　Tulare, CA 93274 | CASE NO. 17-13797<br><br>Chapter 9 |
| TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,<br><br>　　　Plaintiff,<br>　v.<br><br>BRUCE R. GREENE; BAKER & HOSTETLER, LLP, a limited liability partnership; PARMOND KUMAR, M.D.; LINDA WILBOURN; RICHARD TORREZ; and DOES 1 through 50, inclusive,<br><br>　　　Defendants. | Adv. Proc. No. 19-01052<br><br>DC No. WW-1<br><br>**DEBTOR'S REPLY TO OPPOSITION OF BAKER & HOSTETLER LLP AND BRUCE GREENE TO AMENDED MOTION TO REMAND LAWSUIT TO STATE COURT**<br><br>Date:　　July 17, 2019<br>Time:　　1:30 p.m.<br>Place:　　2500 Tulare Street<br>　　　　　Fresno, CA 93721<br>　　　　　Courtroom 13<br>Judge:　　Honorable René Lastreto II |

TO THE HONORABLE RENE LASTRETO II, UNITED STATES BANKRUPTCY JUDGE:

Debtor and plaintiff Tulare Local Healthcare District, dba Tulare Regional Medical Center (the "District") respectfully submits this reply to the opposition ("Opposition") of defendant Baker & Hostetler LLP ("BakerHostetler") and defendant Bruce Greene ("Greene")(together, "Defendants") to the amended motion ("Motion") made pursuant to 28 U.S.C. § 1452(b) for an order remanding the action entitled *Tulare Local Health Care District v. Bruce R. Greene, et al.*, Case No. VCU 278333 ("State Court Action"), back to the Superior Court of the State of California for the County of Tulare ("Tulare County Superior Court").

**I.　　The District Has Demonstrated that Equity Compels Remand to the Tulare County Superior Court and the Defendants Have Failed to Show Otherwise**

Defendants' Opposition unsuccessfully attempts to overcome the fact that their Notice of Removal stated that this Adversary Proceeding was a non-core proceeding[1] by asserting, for the first time, that the entire State Court Action is a core proceeding because defendant BakerHostetler has alleged in its Answer that the amount of damages awarded to the District in the State Court Action must be set off by the amount of any claim BakerHostetler may have in this chapter 9 case.[2] This argument does not apply to defendant Greene, however, because Greene did not file a proof of claim and did not assert set off as an affirmative defense in the Answer. Therefore, the District believes that defendant Greene still has not established "related to" jurisdiction for the reasons set forth in the Motion. This argument also does not apply to the three other defendants in the State Court Action - Parmod Kumar, Richard Torrez and Linda Wilbourn ("Wilbourn"). In fact, defendant Wilbourn disputes this court's jurisdiction over the causes of action against her in the State Court Action, does not consent to a trial in the bankruptcy court on the District's *Stern* claims, and has filed a cross-claim against two third parties.[3]

---

[1] Dkt. 1 at p. 4, ln. 14.
[2] Dkt. 23 at p. 11, lns. 26-28 and p. 12, lns. 9-18.
[3] Answer to Complaint on Behalf of Linda Wilbourn at p. 19, lns. 10-14 (Dkt. No. 6 in this adversary proceeding) and Cross-Claim (Dkt. No. 7 in this adversary proceeding).

Defendants' Opposition also does not refute the arguments in the District's Motion that establish that this Court should remand the State Court Action to the Tulare County Superior Court based on an analysis the factors set forth in the *Cedar Funding* case, which bankruptcy courts weigh in deciding whether to remand an action to the non-bankruptcy forum pursuant to 28 U.S.C. § 1452(b). *In re Cedar Funding, Inc.*, 419 B.R. 807, 820-821 (9th Cir. BAP 2009). Most of the Defendants' Opposition is devoted to offering their own characterization and spin on the allegations made in three dismissed adversary proceedings[4] which were resolved before this Court was required to adjudicate any motions or develop any significant familiarity with the factual allegations made therein.[5] While the District disputes many of Defendants' characterizations of the factual allegations made in those three dismissed adversary proceedings, the District will not address those disputes in this reply brief because the Motion does not involve an adjudication of the facts and merits of the underlying claims alleged in the State Court Action, and will reserves its rights in that regard. The gist of Defendants' Opposition is the assertion that this Court has "extensive familiarity" and "extensive experience" with the facts of the three dismissed adversary proceedings, and it should not remand the case based on *Senorx, Inc. v. Coudert Bros., LLC*, 2007 WL 1520966 (N.D. Cal. May 24, 2007).[6] The District disagrees and believes that Defendants' arguments are without merit and put forth in an effort to avoid being tried before a jury in Tulare County Superior Court.

First, the District understands that centralization of disputes concerning the District's property so that its reorganization efforts can proceed efficiently is a fundamental objective of the bankruptcy process. Indeed, the District has relied on the *Kismet v. Icenhower* case to remove proceedings to this Court where that important objective can be achieved by removal of

---

[4] Those adversary proceedings are as follows: (1) *Healthcare Conglomerate Associates, LLC v. Tulare Local Healthcare District*, Adv. Pro. No. 17-01095 (involving a state court action by HCCA against the District's assets removed by the District to this Court) which was dismissed on February 21, 2019 (Dkt. 178); (2) *Tulare Local Healthcare District v. Healthcare Conglomerate Associates, LLC,* Adv. Pro. No. 18-01005 (a preference and fraudulent conveyance action involving HCCA's execution of the Deed of Trust) which was dismissed on February 21, 2019 (Dkt. 96); and (3) *Tulare Local Healthcare District v. Celtic Financial, et al.,* Adv. Pro. No. 18-01008 (a preference and fraudulent conveyance action involving the sale and leaseback of the District's equipment), which was dismissed on January 28, 2019 (Dkt. 37). Thus, there are no longer any pending adversary proceedings related to the facts alleged in the State Court Action.

[5] Dkt. 23 at pp. 5-10.

[6] Dkt. 23 at pp. 14-16.

the proceeding to the bankruptcy court. The instant case, however, is not one of those circumstances. For the reasons set forth below and in the District's Motion, the District believes that this important objective will not be served by retaining jurisdiction based on the facts of this case.

There are three defendants in the State Court Action that did not join in the Notice of Removal or timely file a notice of removal - Parmod Kumar, Richard Torrez and Linda Wilbourn (Wilbourn). Therefore, even if this Court has jurisdiction over the claims asserted against BakerHostetler in the State Court Action in light of its affirmative defense of set off in the amount of any allowed claim it may have in this Chapter 9 case, which is disputed, the District's causes of action against the other four defendants asserted in the State Court Action should be remanded to the Tulare County Superior Court because Defendants have not established a jurisdictional basis for this Court to adjudicate the causes of action against those four defendants. As such, the efficiency of the District's reorganization process is not aided by litigating the proceeding in the bankruptcy court under the facts in the instant case.

Second, the District was able to resolve the three dismissed Adversary Proceedings without the necessity of this Court deciding motions other than approving stipulations to dismiss the cases after the parties resolved and settled the disputes. All motions and most all of the status conferences were continued in the three dismissed Adversary Proceedings while the parties worked to resolve their disputes. For this reason, contrary to the assertions in Defendants' Opposition, this Court did not conduct proceedings that necessitated "extensive familiarity" or "extensive experience" with the factual allegations in the State Court Action, and the factual allegations of the State Court Action were not litigated before this Court in multiple proceedings for nearly two years. With regard to any overlap between the factual allegations in the three dismissed Adversary Proceedings and the State Court Action, both this Court and the Tulare County Superior Court are similarly situated with respect to familiarity with those allegations. The District understands that this Court is well versed in consulting state law to adjudicate a variety of issues in bankruptcy proceedings, but the District believes that the interests of comity weigh in favor of remanding this case because it involves multiple causes of

action predicated entirely on state law against multiple parties, as well as cross-claims filed by one defendant against third parties in which the District and other parties are entitled to a jury trial. Indeed, the Ninth Circuit Bankruptcy Appellate Panel has indicated that "[n]eedless decisions of state law by federal courts should be avoided as a matter of comity . . . in order to procure for the litigants 'a surer-footed reading of applicable law.'" *In re Casamont Investors, Ltd.*, 196 B.R. 517, 524 (9th Cir. BAP 1996), *citing*, *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

   Third, Defendants' Opposition does not demonstrate that the State Court Action could have any effect on the District's property in this chapter 9 case. Nor does Defendants' Opposition explain how removing the State Court Action requires this Court to dispose of any factually interdependent claims or to effectuate or vindicate its authority to enter its Settlement Order which were the grounds for removal alleged in the Notice of Removal. There are no pending proceedings in the bankruptcy case related to the allegations of the State Court Action, and the amount of any claim that BakerHostetler may have for any unpaid legal fees can be readily determined by the Tulare County Superior Court.

   Fourth, Defendants' Opposition does not address the fact that the efficient handling of the District's chapter 9 case will only be aided by remand because this Court's calendar will not be clogged by a case involving multiple parties and a cross-claim against two other third parties where all parties are entitled to a jury trial. Even if this Court can hear the District's *Stern* claims and then issue proposed findings and recommendations to the district court, this case will require an extensive amount of this Court's time to become familiar with the factual allegations made by the various parties, the applicable state law governing the claims and counter-claims, adjudicating pre-trial motions and discovery motions, expert witness discovery and related motions, and all the other phases of civil litigation prior to trial.

   Fifth, the Defendants' Opposition does not address the fact that the allegations of the State Court Complaint involve matters that were actually litigated in two lawsuits filed in Tulare County Superior Court. Those two cases are entitled *Parmod Kumar, et al. v. Abraham Betre*, VCU 265230 (the "Betre Lawsuit"), and *Senovia Gutierrez v. Tulare Local Healthcare District,*

*et a*l., VCU 271265 ("Gutierrez Lawsuit"). The complaint in the State Court Action involves and is predicated on matters litigated in the Betre Lawsuit[7] and the facts related to the recall election of Kumar, the election of Gutierrez and the efforts of the BakerHostetler Defendants and other defendants to obstruct and prevent Gutierrez from being seated on the District's Board which were directly at issue in the Gutierrez Lawsuit.[8]

      Sixth, Defendants' Opposition also does not address the feasibility of severing state law claims from any core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court. This factor weighs in favor of remand because all of the causes of action are based on state law, there are three defendants who did not join in the Notice of Removal, one of which has asserted that the bankruptcy court does not have jurisdiction over the District's *Stern* claims and has filed a cross-claim against third parties. The only possible core matter is the amount of BakerHostetler's claim for unpaid attorneys' fees as an offset against the damages awarded to the District on its causes of action in the State Court Action. The Tulare County Superior Court is the most efficient forum in which to litigate the State Court Complaint.

## II.    The Court Should Abstain from Adjudicating the Causes of Action Alleged Against Defendants in the State Court Action

      Under the doctrine of permissive abstention, bankruptcy courts may abstain from hearing a proceeding arising under the Bankruptcy Code or arising in or related to a case under the Code if such abstention is in the interest of justice, comity with state court, or respect for state law. 28 U.S.C. § 1334(c)(1). The same facts that warrant remand to the Tulare County Superior Court also warrant that this Court abstain from hearing the causes of action asserted against Defendants in the State Court Action as set forth above and in the Motion.

///

///

///

---

[7] State Court Complaint appended to Dkt. 1450 at pp. 4-5, ¶¶ 21-35.
[8] State Court Complaint appended to Dkt. 1450 at pp. 6-9, ¶¶ 44-70.

### III. Conclusion

For the foregoing reasons, the District respectfully requests that the Court remand the State Court Action back to the Tulare County Superior Court.

Dated: July 10, 2019

WANGER JONES HELSLEY PC

By: /s/ Riley C. Walter
Riley C. Walter
Attorneys for Debtor and Plaintiff Tulare Local Healthcare District, dba Tulare Regional Medical Center